## SHAWNEE-TECUMSEH TRACTION CO. v. HENRY.

No. 13018—Opinion Filed June 2, 1925.

**1. Railroads—Process—Validity of Service.**

The return of service of process on a corporation is not invalid for the reason that it fails to disclose service at "any depot or station of such company in such county," where such return discloses that a true certified copy thereof was left at the office and usual place of business of said corporation in the county with the person having charge thereof.

**2. Evidence—Res Gestae—Spontaneous Exclamation in Presence of Impending Danger.**

A spontaneous exclamation of the motorman in charge of a street car, made at the time when his car was ten or fifteen feet distant from an automobile, in a dangerous position—said exclamation being "I am going to hit them; my brakes won't work"—is admissible under the res gestae rule as a spontaneous exclamation made before there has been time to contrive and misrepresent, and while under a nervous excitement occasioned by the shock of impending danger startling enough to render the utterance spontaneous and unreflecting. Wigmore on Evidence, vol. 3, section 1750.

**3. Railroads—Liability for Crossing Accidents—Instructions not Erroneous.**

The instructions in the instant case have been examined and same state the rules of law applicable to this controversy as defined by this court in the case of Thrasher v. St. L. & S. F. R. Co., 86 Okla. 88, 206 Pac. 212

((Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pottawatomie County; Hal. Johnson, Judge.

Action by J. E. Henry against Shawnee-Tecumseh Traction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Abernathy & Howell, for plaintiff in error .

Wyatt & Waldrep, for defendant in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. Plaintiff sued to recover damages for personal injuries and recovered a judgment for $1,500.

The first contention of the defendant on appeal is that the court erred in overruling a motion to quash service of summons. The return of service is as follows:

"Received the within summons on the 24th day of February, 1920, at 2:30 o'clock p m. and the defendant corporation within named having failed to designate any person upon whom service might be made, and not being able to find the president, chairman of the board of directors, or trustee, secretary, clerk of said defendant corporation, in my county, I served the same upon the Shawnee-Tecumseh Traction Company, a corporation, by leaving a true certified copy thereof at the office and usual place of business of said corporation in Shawnee, Oklahoma, with A. L. Blackwell, the person having charge thereof on the 25th day of February 1920, at 11:45 o'clock on said date."

Counsel for defendant in their brief say:

"For the reason shown, the lower court erred in overruling the special appearance and motion to quash, and as stated in the case (Shawnee-Tecumseh Traction Company v. Webster, supra) if the person upon whom service was in fact had, was in charge of a depot, or station of the defendant at the time of service, this fact could easily have been shown by an amendment to the return, but no request to amend having been made. the service was void, and the court failed to acquire jurisdiction over the defendant, and the case should be reversed."

It is plain that the defendant concedes that the service was sufficient if the return disclosed a service under section 4717, Rev. Laws 1910.

We have carefully examined the decisions in the following cases: M., K. & T. Ry. Co. v. Crowe, 9 Kan. 496; St. Louis & S. F. Ry. Co. v. Reed, 59 Okla. 95, 158 Pac. 399; Shawnee-Tecumseh Traction Co. v. Webster, 68 Okla. 299, 174 Pac. 266; Muskogee Traction Co. v. Green, 91 Okla. 200, 217 Pac. 155; Empire Refineries v. A., T. & S. F. Ry. Co., 91 Okla. 171, 217 Pac. 160.

All of the foregoing cases throw some light on the question, but in none of the above authorities is the return identical with the return under examination. However, we are of the opinion that under sections 4715 to 4719, Rev. Laws 1910 inclusive, the return is valid, indeed, under the defendant's own contention. If the office and usual place of business of the corporation in Shawnee, Okla., is deemed to be the depot or station of such company in such county, the return is unobjectionable.

We think that it requires no stretch of the imagination to hold that the term "office or usual place of business of a corporation in the county" is equivalent to the term "any depot or station of such company in such county." Therefore, the service must be deemed valid and defendant's first assignment of error is overruled.

Defendant's second assignment of error is that the court erred in overruling the demurrer of the defendant to the evidence of plaintiff. The contentions in support thereof might well have been made in the argument of the cause to the jury. such contentions going to the weight of the evidence and the proper inferences to be drawn therefrom. It is not the function of the appellate court to review the facts in a law case where the verdict is supported by evidence.

The defendant's second contention, therefore, must be overruled.

The third assignment of error relied on is error in the admission of evidence. The court below permitted witnesses to testify to a statement made by the motorman of the car, after he had a plain view of the plaintiff and the person who was driving the automobile in which the plaintiff was riding at the time of the injury. The statement of the motorman was admissible under the circumstances as part of the res gestae, and the lower court did not err in admitting this testimony. (Wigmore on Evidence, section 1750, vol. 3.) The principal argument on this assignment of error is again as to the weight of the evidence. It is said that only one witness testified that he heard the motorman make this remark, whilst other witnesses testified that they did not hear the motorman make such remark. This, of course, was a question for the jury and their finding on this issue is not reversible here.

The defendant's next assignment of error is that the court erred in that the instructions of the court misdirected the jury in matters of law. We have examined the instructions complained of, and we find them to be in harmony with the doctrine laid down by this court in the case of Thrasher et al. v. St. Louis & S. F. Ry. Co., 86 Okla. 88 206 Pac. 212. The second, third, and fourth paragraphs of the syllabus in that case are in point and are as follows:

"2. The rule that it is negligence per se of one driving an automobile not to 'look and listen' for a train when approaching a railway crossing is not as a general rule applicable in all of its force to a passenger in a car riding as the invited guest of the driver and who has no control over

the driver or his management of the car, but the negligence of such guest must be determined according to all of the facts and circumstances existing at the time of the accident.

"3. Where a railway company has knowledge of a highway crossing its tracks in a densely populated district, city, town, or village, it is charged with notice that travelers on the highway might be there about to cross or in the act of crossing such highway, and it is its duty to run its trains at a reasonable rate of speed giving reasonable signals of the approach of the same.

"4. In an action for damages for the alleged negligent killing of plaintiff's decedent at a public railway crossing, and the defendant railway company pleaded the contributory negligence of the deceased, and that such contributory negligence consisted of certain acts of the deceased. it was the duty of the trial court to submit the issue of contributory negligence to the jury, as raised by the pleadings and the evidence, and the instructions to the jury ought to have reference to the circumstances of the case and be so given as to secure a fair consideration and judgment of the jury on the points in issue as raised by the pleadings and the evidence."

It follows therefore that there is no reversible error in this record, and that the judgment of the trial court must be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 14a C. J. p. 810. (2) 22 C. J. pp. 453, 461. (3) 33 Cyc. pp. 974, 1016, 1017.