## GIBSON OIL CO. et al. v. WESTBROOKE.

No. 21244. Opinion Filed Oct. 25, 1932.

West, Gibson, Sherman, Davidson & Hull, for plaintiffs in error.

A. F. Moss, H. R. Young, and C. A. Warren, for defendant in error.

CULLISON, J. Plainitff, Bessie Westbrooke, instituted suit against the Gibson Oil Company and Dee Adams, defendants, seeking to recover damages for injuries alleged to have been received in an automobile accident where defendant's truck and the car in which plaintiff was riding collided.

From a judgment favorable to plaintiff, defendants appeal and assign as error the action of the trial court in permitting the introduction over the objection of the Gibson Oil Company of the testimony of the witness Ed Loftin as to statements made by Dee Adams, the truck driver, and the agent of the Gibson Oil Company, sometime after the collision had occurred, relative to the cause of such collision, the same not being a part of the res gestae and not binding upon it.

The record discloses that Adams was driving one of the trucks of the Gibson Oil Company on the paved highway. That the Gibson Oil Company owned a service station along said paved highway. That as Adams approached said service station, the automobile in which plaintiff was riding approached from the opposite direction. When Adams arrived at the point where he desired to turn into defendant's filling station, he turned to the left across the pavement, and as he turned to the left and started across the pavement, his truck collided with the car in which plaintiff was riding. After the accident occurred, Adams backed his truck away fom the automobile and drove a short distance to his garage.

Witness Loftin testified as to a conversation which occurred between Adams and wife after Adams drove up to the garage. The following statement of the witness Loftin was objected to by the Gibson Oil Company, which objection was overruled and the oil company saved exceptions:

"Q. What was it he said to her he was doing at the time the cars collided? A. (The Witness): She asked him what he was doing and what he meant and he said, 'Well, I was just looking back when it happened'."

The Gibson Oil Company contends that the admission of said evidence was error and no part of the res gestae,

Plaintiffs in error, who were defendants in the trial court, and who will be referred to

as defendants herein, interpose many assignments of error, but devote nearly all their entire brief to discussing assignment No. 3, which reads as follows:

"Assignment No. 3.

"The trial court erred in permitting the introduction, over the objection of Gibson Oil Company, of the testimony of the witness Ed Loftin as to statements made by Dee Adams the truck driver, and the agent of the Gibson Oil Company, sometime after the collision had occurred relative to the cause of such collision, the same not being part of the res gestae and not binding upon it."

Defendant Gibson Oil Company contends that the court erred in permitting the witness Ed Loftin to testify to statements made by Dee Adams over the objections of said defendant oil company; that the statements made by Dee Adams in the presence of witness Loftin are no part of the res gestae in said case and not binding upon defendant Gibson Oil Company.

We think the error assigned calls, first, for the definition of the term "res gestae."

"Res Gestae" defined: "Transaction; Thing done; the subject-matter." Bouvier Laws Dictionary, vol. 2, p. 579.

Wharton, in his work on Evidence, 258, 267, says:

"Those circumstances which are the undesigned incidences of particular litigated acts, and are admissible when illustrative of such acts."

It will be observed that the words "res gestae" in law have reference to the subject-matter, the entire transaction, and the testimony or declarations of parties acquainted with the facts.

The defendant Gibson Oil Company contends that the statements of Dee Adams, driver of the truck, employee of the company, and one of the defendants herein, are no part of the res gestae; i. e., no part of the subject-matter, transaction, or of the incident (injury) complained of.

This court is therefore called upon to determine whether or not the statements of Dee Adams are in law a part of the res gestae in the instant case. If we keep constantly before our minds the definition of res gestae as laid down by the law-writers and the applicability of the term as held by the various courts of the country, we will be greatly assisted in determining the issue.

The courts have laid down what may be considered a general rule for our guidance in determining what statements or testimony may be regarded as part of the res gestae in a given case, and we cite the following authorities in support of what we conceive to be the general rule:

"When it is necessary in the course of a cause to inquire into the nature of a particular act or the intention of the person who did the act, proof of what the person said at the time of doing it is admissible evidence as part of the res gestae for the purpose of showing its true character. * * *" Bouvier's Law Dictionary, vol. 2, p. 597.

The same author further says:

"In the United States the tendency is to extend, rather than to narrow, the doctrine of res gestae. Although generally the declarations must be contemporaneous with the event sought to be proved, yet, where there are connecting circumstances, they may, even when made sometime afterwards, form a part of the whole res gestae."

We cite with approval the following authorities found in Words & Phrases, vol. 7, First Series, p. 6130.

"The doctrine of res gestae is based upon the presumption that declarations made at the same time with the principal act, evoked by it without premeditation, and giving it color and character as explanatory of the mind and purpose of the actor, are as reliable as the act itself, of which it is part and can be proved along with it. * * * Mitchum v. State, 11 Ga. 615."

"Circumstances attending a particular transaction on investigation by the jury, if so interwoven with each other and with the principal fact that they cannot well be separated without depriving the jury of proof that is essential in order to reach a just conclusion, are admissible in evidence. These surrounding circumstances constituting a part of the res gestae, says Greenleaf, may always be shown to the jury. State v. Prater (W. Va.) 43 S. E. 230."

"Whenever it becomes important to show upon the trial of any cause the occurrence of any fact or event, it is competent also to show any accompanying act, declaration, or exclamation which relates to, or is explanatory of, such fact or event. Such act, declaration, or exclamation is known to the law as res gestae. Davids v. Peo. (Ill.) 61 N. E. 537."

"No inflexible rule has ever been adopted as to what is part of the res gestae. It must be determined largely in each case by the peculiar facts and circumstances incident thereto, but it may be stated as a fixed rule that included in the res gestae are the facts which so illustrate and characterize the principal fact as to constitute the whole one transaction, and render the latter necessary

to exhibit the former in its proper effect. Chicago & E. Ry. Co. v. Cummings, 53 N. E. 1026, 1031, 24 Ind. App. 192."

"Utterances and exclamations of participants, or of persons acting in concert, made immediately before or after or in the execution of an act, which go to illustrate the character and quality of the act, are usually admissible on the ground that they are a part of the res gestae. Indianapolis St. R. Co. v. Whitaker, 66 N. E. 433, 434, 160 Ind. 125."

"Declarations, in order to be parts of the res gestae, need not be exactly coincident in point of time with the principal fact. People v. Vernon, 35 Cal. 49, 51, 95 Am. Dec. 49. * * * If they sprang out of the principal fact, tended to explain it, were voluntary and spontaneous, and made at a time so near it as to preclude the idea of deliberate design, they may be regarded as contemporaneous and admissible in evidence. * * * Johnson v. State, 58 P. 761, 763, 8 Wyo. 494."

We are not unmindful that "almost every general rule has its exceptions," and having very carefully reviewed nearly all cases cited by defendants in support of their contentions, we are convinced the holding of the courts cited in said cases are based upon the exceptions to the general rule which is so clearly enunciated by the greater weight of authority, and under the facts and circumstances in the instant case the exceptions to the general rule are inapplicable to the case at bar.

Time and space will not permit a technical analysis of all the cases cited by defendants in support of their contentions, but, in order to show the inapplicability of the cases cited by defendants, we call attention to the first case cited by them, to wit, Smith v. Territory, 11 Okla. 669, 69 P. 805.

The Smith Case was a criminal action wherein Smith was prosecuted for the crime of murder. Objections were made to much of the testimony as being no part of the res gestae. The syllabus in said case reflects the holding of the court. The court in that case very accurately announced the general rule as to the kind and character of testimony, declarations, and exclamations which are held to be a part of the res gestae in an adjudicated case.

### Syllabus, Paragraph No. 3.

"On a trial for murder, statements and declarations by the defendant concerning the deceased a short time before the homicide, and immediately thereafter, are admissible and competent as evidence on behalf of the prosecution, where they tend to show the feeling and state of mind of the defendant toward the deceased."

### Syllabus, Paragraph No. 4.

"On a trial for murder, it is competent for the prosecution to show that the deceased, a few hours before the homicide, had a large pocketbook in his possession and on his person, and that immediately after he was killed it was found missing, for the purpose of establishing or tending to establish a motive or purpose for the commission of the crime."

### Syllabus, Paragraph No. 5.

"Where photographs are proven to be a true and correct representation of whatever they purport to reproduce, they are admissible and competent as evidence, as an appropriate aid to a jury in elucidating the evidence; and this rule applies to persons, places, and things."

### Syllabus, Paragraph No. 7.

"Declarations, to become a part of the res gestae, must accompany the act which they are supposed to characterize and explain; and, to make such declarations competent as evidence, they must exclude the idea of a narration of past occurrences or events. To constitute a part of the res gestae, two things must occur, namely: (1) the accompanying acts; and (2) the declarations attending the whole transaction."

It will be observed the court (Syll. No. 3) specifically holds: "* * * Statements and declarations by the defendant concerning the deceased a short time before the homicide, and immediately thereafter, are admissible. * * *"

In paragraph No. 4 of the syllabus, the court said: "* * * it is competent for the prosecution to show that the deceased, a few hours before the homicide, had a large pocketbook in his possession and on his person, and that immediately after he was killed it was found missing, * * *" the court remarking: "We think that these statements and declarations made by the defendant were clearly competent for the purpose of showing the feeling and the state of mind of the defendant towards the deceased. There was no error in admitting the testimony of the witness Maxwell concerning a conversation that he had heard between the defendant and Kittie McIntire. * * *"

The court also held (paragraph No. 5 of the syllabus) that photographs showing the surroundings and conditions of the place where the homicide was committed were admissible in evidence as part of the res gestae, and further held that the rule applies to persons, places, and things. In paragraph No. 7 of the syllabus the court said: * * * Two things must occur, name-

ly: (1) the accompanying acts; and (2) the declarations attending the whole transaction."

It will be observed that nearly all the objections and contentions interposed by the defendant in the Smith Case were overruled, the court having held the testimony under the general rule to be competent and, part of the res gestae.

### Exceptions to the General Rule

It also appears in the trial of the Smith, Case "the defendant then sought to show by the witness (A. V. Smith, father of the defendant) what the defendant had said and done at the time and place of the commission of the crime. * * *" Upon objection by the territory, this evidence was excluded, the court holding that the testimony sought did not come within the general rule as part of the res gestae of the case.

It is quite obvious the court in holding the testimony of the father to be incompetent had in mind the exceptions to the general rule. This must be true, because the court inserts paragraphs No. 8 and No. 9 in the syllabus of the case, which are enumerated by the authorities as exceptions to the general rule, and were cited by the court in support of its holding the father's testimony to be incompetent and not part of the res gestae.

### Syllabus, Paragraph No. 8.

"Declarations of a defendant subsequent to the commission of the crime, if wanting in spontaneity and instinctiveness, are but a person speaking concerning the transaction, and not the transaction speaking through the person who committed the act; and hence they form no part of the res gestae, and were properly rejected as self-serving and hearsay declarations."

The court further states, in the 9th paragraph of the syllabus:

### Syllabus, Paragraph No. 9.

"Hence, on a trial for murder, declarations made by the defendant a few minutes subsequent to the killing as to what was said and done at the time and place of the homicide, and after the defendant had gone two or three hundred yards in the nighttime, and from the scene of the homicide, form no part of the res gestae, and are therefore inadmissible and incompetent as evidence."

The court in the Smith Case very properly held the father's testimony incompetent, and very clearly states in the body of the opinion, at page 676 of 11 Okla. Reports, why the same is incompetent. The court said:

"The plaintiff in error complains that the court erred in excluding a part of the testimony of A. V. Smith in regard to declarations made by the defendant to him a few minutes after the homicide. The evidence leading up to the exclusion of this testimony disclosed that the witness Smith was the father of the defendant; that he resided near Lexington, a short distance from where the homicide occurred; that he was at home and in bed at the time the shooting and killing occurred, and heard the shots that were fired; and that defendant reached his father's house two or three minutes after the shooting occurred. The defense then sought to show by this witness what the defendant had said and done at the time and place of the commission of the crime. Upon objection by the territory, this evidence was excluded by the court. The testimony sought to be elicited from the witness did not come within the rule that it was a part of the res gestae. And in this connection it must be borne in mind that the declarations of the defendant to the witness were not made at the place of the homicide, but at the home of the defendant's father, which was a short distance from where the shooting occurred. The defendant, while going from the scene of the homicide to where this witness resided, had sufficient time and opportunity to pause and think over the enormity of his crime, and make up a story which would in some measure, at least, exculpate him from his own criminal acts and conduct. His declarations, therefore, to his father, could not be regarded as original or primary evidence, but were in the nature of self-governing declarations of the defendant, and a mere narration of a past occurrence. * * * To make such declarations competent as evidence, they must exclude the idea of a narration of past occurrences or events, and they must have been made contemporaneously with the transaction or act which they are supposed to characterize and explain."

Again we call attention to the fact that: Notwithstanding exceptions to the general rule were called to the attention of the court in the Smith Case, the court found and held that the facts and circumstances in the Smith Case were dissimilar to the facts and circumstances in the Texas case (Jones v. State, 3 S. W. 230), and overruled the contention of defendant in the Smith Case and rendered judgment against the defendant based upon the verdict of the jury.

It is quite apparent that the holding of the court in the Smith Case does not sustain the contention of the defendant in the instant case. The facts and circumstances in the instant case are clearly dissimilar to

those in the Smith Case, wherein the court held the testimony of the father incompetent, and for that reason the holding in Smith v. Territory, 11 Okla. 669, 69 P. 805, is inapplicable; that the exceptions interposed by the defendant Gibson Oil Company in the instant case are likewise inapplicable to the case at bar.

The record in this case shows: Defendant Adams was the driver of the truck which collided with the car in which plaintiff was riding; that Dee Adams, one of the defendants, was in the employ of defendant Gibson Oil Company; that Dee Adams and witness Loftin et al. immediately detached the truck and car after the collision; that Dee Adams was a very active participant in the whole transaction; that immediately after the accident at the time when all the participants were in close proximity to the scene and in the presence of witness Loftin, Dee Adams said: "Well, I was just looking back when it happened." Dee Adams in person made the statement complained of. He made said statement at the time and place of the accident; Dee Adams had no time or opportunity to formulate some scheme or excuse that would exculpate him from his own unfortunate condition, or that would relieve him or his codefendant from liability.

We think Dee Adams had no intention of trying to mislead anyone as to the cause of the accident. He voluntarily and in good faith told the truth. The evidence in this case is amply sufficient to preclude any idea of deliberate design on the part of Dee Adams to evade liability. We think, and hold, under the facts and circumstances in the instant case, that the statement of Dee Adams as to how the accident occurred was competent evidence and part of the res gestae of the case, and the trial court committed no error in overruling defendant's objections to the evidence adduced.

In Davids v. Peo. (Ill.) 61 N. E. 537, the court said:

"Whenever it becomes important to show upon the trial of a cause, the occurrence of any fact or event, it is competent also to show any accompanying act, declaration, or exclamation which relates to, or is explanatory of, such fact or event."

It is a well-established rule of law that the time when the declaration was made by the participant is not a controlling element in determining the relevancy or the competency of the evidence. Peo. v. Vernon, 35 Cal. 49; Davids v. Peo. (Ill.) 61 N. E.

537; Territory v. Clayton (Mont.) 19 P. 293; McGowen v. McGowen, 52 Tex. 657.

Courts uniformly hold:

"Declarations made at the same time with the principal act, evoked by it without premeditation and giving color and character as explanatory of the mind and purpose of the actor, are as reliable as the acts itself, of which it is a part, and can be proved along with it. * * *" McGowen v. McGowen, 52 Tex. 657.

In Johnson v. State (Wyo.) 58 P. 761, the court said:

"If they (declarations) sprang out of the principal fact, tend to explain it, were voluntary and spontaneous and made at a time so near it as to preclude the idea of deliberate design, they may be regarded as contemporaneous, and are admissible in evidence."

We find from the record, and hold: That the statement by Dee Adams to his wife as to the cause of the accident and what he was doing when it occurred were voluntary, spontaneous, and contemporaneous with the act at the time it happened, and that said statements were properly admitted in evidence by the court.

We think it will serve no good purpose to further discuss the assignments of error so strenuously contended for by plaintiffs in error, nor to devote further time in commenting on the inapplicability of the cases cited by defendants.

The ruling of the court holding the evidence introduced, and objected to by defendant Gibson Oil Company, to be competent and part of the res gestae of the case, is sustained.

Defendants next contend that the court erred in giving the jury the following instruction:

"You are instructed that if you believe from the evidence that the defendant Dee Adams, at the time of the accident, suddenly turned the automobile truck which he was driving, sharply toward the left and drove the same immediately in front of the automobile in which plaintiff was riding, without any notice or warning of his intention so to do; and if you further believe that such action on the part of said defendant Dee Adams was a failure to exercise ordinary care on his part under the circumstances then existing, then such failure, if any failure there was, would be negligence."

Defendants contend that there was no testimony justifying the giving of said instruction.

We have just outlined the movement of the two cars prior to and leading up to the accident.

The fact that defendant turned to the left across the line of travel of plaintiff's car and caused a head-on collision on the highway and not at an intersection, would of itself be sufficient to warrant the giving of said instruction.

Under the rules of the road, cars meeting each other must pass to the right. Defendant's truck and plaintiff's car were meeting upon a highway. It was defendant's duty to pass the car on the right, but instead of so doing he chose to turn to the left, and the collision ensued.

The collision occurred on plaintiff's side of the road, so that when the accident occurred defendant's truck was on plaintiff's side of the center of the highway.

This fact, we believe, conclusively shows that the giving of the instruction was proper, and warranted the jury in returning a verdict for the plaintiff.

We do not consider the remaining questions of error necessitate discussion in this opinion.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.