## YARBROUGH v. PRUDENTIAL INS. CO. OF AMERICA.*

### No. 8904.

Circuit Court of Appeals, Fifth Circuit.
Nov. 15, 1938.

HUTCHESON, Circuit Judge, dissenting in part.

Rodney S. Cohen and William M. Lester, both of Augusta, Ga., for appellant.

C. Baxter Jones, of Macon, Ga., and Joseph B. Cumming, of Augusta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The appellant, Ethel P. Yarbrough, brought this suit against the appellee, Pru-

*Rehearing denied 100 F.2d 547.

dential Insurance Company of America, in the City Court of Richmond County, Georgia, to recover the sum of ten thousand dollars, due her as the beneficiary of a certain insurance policy taken out with appellee company by her husband, Jack H. Yarbrough. On motion this cause was removed to the United States District Court for the Southern District of Georgia.

The appellee company, on the first day of June 1937, caused to be issued to Jack H. Yarbrough an insurance policy on his life in the sum of five thousand dollars, with double indemnity benefit of an additional five thousand dollars in the event of death, by accidental means, of the insured. This policy of insurance carried the usual receipt found in nearly all standard policies of insurance, " * * * the receipt of which premium is hereby acknowledged * * * ". The quarterly premium charge for said policy was $18.10. The policy was delivered to the insured at or near his place of business sometime on June 2, 1937, by one Cheek, cashier of the firm of Herbert C. Lorick & Son, the duly authorized agents of the appellee insurance company. The insured, Jack H. Yarbrough, died on the afternoon or evening of June 4, 1937 by accidental drowning.

The appellee denied liability on said policy of insurance. It admits that the policy was duly delivered to the insured by its cashier, Cheek, but contends that the insured, at the time of delivery, asked "me (Cheek) to let him have the policy and take it home with him and check it over with his wife, and if there were no changes to be made he would mail a check the next day, if he liked the policy." The contention of appellee further being that no check was received from the insured the next day; that it never received payment of premium on said insurance; that insured went to his death without paying said premium; and therefore said policy was not in force and effect at the time of the death of the insured. It is without dispute that appellant and her husband had in their possession a sample copy of the insurance policy in question, which had been given them by appellee long before the policy had been delivered.

At the conclusion of the trial of this cause the court directed a verdict for the appellee. Appellant, from this verdict and judgment, appeals to this court.

█ The appellant made out a prima facie case when she proved the death of the insured; that the policy of insurance was in her possession; that she was named in said policy as the beneficiary; and that it contained a clause reciting "the receipt of which premium is hereby acknowledged". It is without dispute that appellant made such proof in this case. Thereupon appellee insurance company assumed the burden of contradicting its own receipt and otherwise proving nonpayment of the first premium. New York Life Ins. Co. v. Seifris, 3 Cir., 46 F.2d 391; Gibson et al. v. Pioneer Life Ins. Co., 181 Mo.App. 302, 168 S.W. 818; Eaton v. New York Life Ins. Co. of N. Y., 315 Pa. 68, 172 A. 121, 95 A.L.R. 462.

█ When the insurance policy was delivered to the insured the agent of the appellee, although it was a direct and specific rule of the company so to do, failed to take from the insured a signed receipt showing that the policy was left with him for inspection only. Moreover, the insurer failed to recall the policy before insured's death. Possession of the policy after the death of the insured ordinarily raises the presumption that it has been delivered and paid for. Eaton v. New York Life Ins. Co. of N. Y., supra.

█ Cheek, an agent of the appellee, delivered the policy of insurance in question. He testified that the insured did not pay for same; that he asked to take the policy and check it over with his wife; that he had never paid him for the policy; and that no one was present when this delivery and conversation occurred except Cheek and the insured. What actually occurred at the time of the delivery of the policy only Cheek can say. The insured is dead. For the reason that only Cheek is able to testify at this time, as to what occurred and what was said at the time of the delivery of the policy, it is not appropriate for us to hold that his evidence is uncontradicted. He is confronted with a delivered insurance policy; he is confronted with the presumption that this policy has been delivered and paid for; he is confronted by the fact that said policy was not recalled when insured failed to send check the next day as Cheek says was agreed; and he is contradicted by the evidence of Mrs. Ethel P. Yarbrough, the appellant. Whether or not the policy of insurance was delivered and paid for is an issue of fact for the jury. Fielder v. Davison, 139 Ga. 509, 77 S.E. 618; Davis v. Kirkland, 1 Ga.App. 5, 58 S.Ct. 209; Ayer v. First National

# 876

Bank & Trust Co., 182 Ga. 765, 187 S.E. 27.

■ "Issues that depend on the credibility of witnesses, and the effect or weight of evidence, are to be decided by the jury". Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 233, 74 L.Ed. 720.

"It is also true, however, that where there are facts and circumstances or the testimony of witnesses which furnish contradiction, or where, as here, the testimony cannot be controverted because it relates to statements by or transactions with a decedent, whose lips are sealed by death, it is for the jury to judge the truth of the testimony, and to say whether the statements attributed to the deceased were in fact made by him". Mutual Life Ins. Co. of N. Y. v. Sargent, 5 Cir., 51 F.2d 4, 6.

"Whether a life policy acknowledging payment of premiums was delivered, so as to estop the insurer from asserting invalidity of the policy because of nonpayment of the first premium, is for the jury". Eaton v. New York Life Ins. Co. of N. Y., supra, 172 A. 124.

■ "The preponderance rule applies where one contradicts someone else. Something more is required when a party takes the stand to contradict what he has previously, and deliberately, said under his own hand or, as here, under its own seal". New York Life Ins. Co. v. Seifris, supra, 46 F.2d 392.

The only voice which was heard detailing what occurred when the policy here was delivered was that of Cheek. He gave his version as to what occurred on that occasion. "The probative value of any material and relevant declaration which gets to the jury only by the vocal utterance of a witness who claims to have heard it and to have remembered it accurately, and to repeat it faithfully, can rise no higher than the credibility of that witness." Eaton v. New York Life Ins. Co. of N. Y., supra.

The issue in this case should have been submitted to the jury. The court erred in directing a verdict for the appellee. New York Life Ins. Co. v. Seifris, supra; Eaton v. New York Life Ins. Co. of N. Y., supra; Reid v. Maryland Casualty Co., 5 Cir., 63 F.2d 10; Woodward v. Atlantic Coast Line R. R., 5 Cir., 57 F.2d 1019.

The court declined to permit appellant, Mrs. Ethel P. Yarbrough, to testify as to what her husband said to her about the policy when he brought it home on June 2, 1937. The court also declined to permit appellant to introduce rebuttal statement of J. C. Hodge as to what insured told him about the insurance policy in question on Wednesday before he was drowned on Friday; and the rebuttal statement of Lombard Brinson as to what insured told him about the policy of insurance on Friday, the day on which he was drowned.

Are the statements of these three witnesses relevant evidence to come in along with the main facts as parts of the res gestæ?

■ Res gestæ must spring from the main fact; it presupposes a main fact and it means the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character. "One peculiarity of the main fact or transaction ought to be noted, and that is that it is not necessarily limited as to time—it may be a length of time in the action. The time of course depends upon the character of the transaction * * *". Mitchum v. State of Georgia, 11 Ga. 615.

■ Here the main fact was the delivery of the policy in question. It came into possession of the insured on June 2, and he was drowned on June 4, 1937. The appellee had been permitted to testify that such delivery was for inspection only, and each of his employees testified that no payment for same was made to them. Of course declarations made, to be relevant as evidence, must have been voluntary and spontaneous and free from deliberate or studied design. Mitchum v. State of Georgia, supra; Gibson Oil Co. et al. v. Westbrooke, 160 Okl. 26, 16 P.2d 127; McMahon v. Ed. G. Budd Mfg. Co. et al., 108 Pa.Super. 235, 164 A. 850.

The modern tendency is to extend, rather than to narrow, the rule as to the admission of declarations as part of the res gestæ, especially in view of the fact that the parties now are generally permitted to testify in their own behalf and to consider the grounds which formerly excluded such declarations as affecting their weight only. "Its development has been promoted in modern times, by an effort to afford the triers of fact all reasonable means of ascertaining the truth, instead of withholding from them all information possible by the rigid application of certain rules of exclusion. The question is not how little, but how much, logically compe-

tent proof is admissible." 10 R.C.L. 975, Sec. 158.

■ The insured brought the policy of insurance home to his wife a short time after it came into his possession. What he said to her about the policy in turning it ·over to her should have been admitted in evidence as part of the res gestæ of his possession of it.

■ The statements of Hodge and Brinson as to what insured said to them about the policy were too remote and were properly excluded.

This cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HUTCHESON, Circuit Judge (dissenting in part).

I concur in the result, the reversal and remand of the cause.

I concur, too, in the ruling that the statements of Hodge and Brinson were properly excluded.

I dissent from the ruling that it was error to exclude Mrs. Yarbrough's testimony as to what her husband said to her at the time he delivered the policy to her.

I think it clear that the main fact at issue in this cause is the payment vel non of the premium. What the husband said to his wife when he exhibited the policy to her is in no way connected with that main fact as res gestæ of it, but is self serving hearsay, of the most damaging and inadmissible kind.