## JOHNSTON et al. v. PENWELL et al.

### No. 32260. July 16, 1946.

*171 P. 2d 266.*

F. M. Dudley and Richardson, Shartel, Cochran & Pruet, all of Oklahoma City, for petitioners.

John R. Keahey, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. D. L. Penwell, hereinafter called respondent, filed his first notice of injury and claim for compensation on July 18, 1944, stating that while employed as a bus and streetcar operator he sustained an accidental injury arising out of and in the course of his employment with the petitioner, the Oklahoma Railway Company, when he injured his neck in a streetcar collision May 11, 1944. On the 3rd day of March, 1945, an award in the amount of $900 for permanent partial disability was entered and affirmed on appeal to the State Industrial Commission, and the petitioner brings this proceeding to review the award.

It is first argued that there is no competent evidence to support the finding that the accidental injury arose out of and in the course of his employment. This is a question to be reviewed independently by this court. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

Respondent testified that he got on the Exchange streetcar to report to the car barn for work on the date of the accident; that while the Exchange car was standing still it was struck by another streetcar and that the collision caused the accidental injury of which complaint is made; that he was standing in the streetcar, as required by the rules for employees when a car is filled with passengers so that the paying passengers may have the seats; the employees are transported by the employer to and from the car or buses as the case may be. None of these facts are disputed by the petitioner, and the witnesses called by petitioner limited their testimony during the proceeding to the question of whether or not there was any accident which resulted in an injury, and to the further matter of whether the respondent had notified the petitioner of the injury, as the petitioner was contesting the question that the respondent sustained an accidental injury while in its employment and also asserting that the respondent did not notify petitioner of the injury. The accidental injury and the resulting disability are not at issue in the present proceeding.

We have held that where, under an express or implied agreement, transportation is furnished by the employer as an incident of the employment, an injury sustained by an employee going or

coming in the vehicle so furnished by the employer and under his control arises out of and within the course of the employment, within the meaning of the Workmen's Compensation Law. 85 O.S. 1941 § et seq.; McGeorge Corporation v. State Industrial Commission, 180 Okla. 346, 69 P. 2d 320; Ford v. Holt, 191 Okla. 534, 131 P. 2d 67. There is evidence from which the State Industrial Commission was warranted in finding that the accidental injury arose out of and in the course of the employment.

It is next argued that the State Indudstrial Commission was without jurisdiction to enter the order for the reason that there was no competent evidence to support the finding that the petitioner was not prejudiced by failure to give the statutory written notice as provided by 85 O.S. 1941 § 24. The evidence discloses that the respondent reported the accidental injury to one Zeamer, the starter at the car barn, and was told to go home; that in pursuance of the conversation with Zeamer he went home; that a few days after the accident he talked to Moss, assistant superintendent of transportation, and informed him of the accidental injury, and that Moss sent him to Dr. Harbison; that after his visit to Dr. Harbison he again talked to Moss; that after investigation petitioner paid several payments computed at the maximum of $18 per week, which are acknowledged on Form 8 and filed with the State Industrial Commission, and that on the 7th day of September, 1944, there was executed and filed a Form 14 stipulation and receipt for payment for temporary disability.

We have held that the States Industrial Commission is authorized under the provisions of 85 O.S. 1941 § 24 to excuse the giving of the statutory written notice either on the ground that for some reason the injured employee was not able to give the same or that the insurance carrier, or the employer, as the case may be, has not been prejudiced thereby. Skelly Oil Co. v. Grimm, 196 Okla. 122, 163 P. 2d 234; Fischer-Kimsey Co. v. King, 196 Okla. 92, 162 P. 2d 519. Petitioner cites and relies upon Wirt Franklin Petroleum Corp. v. Wilson, 164 Okla. 129, 23 P. 2d 644, and Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. 2d 177. These cases are discussed in Skelly Oil Co. v. Grimm and Fischer-Kimsey Co. v. King, supra. In the latter case we held that when the State Industrial Commission has made the finding excusing the giving of the statutory written notice on the ground that the employer or insurance carrier, as the case may be, has not been prejudiced by a failure to give the statutory written notice, and there is competent evidence reasonably tending to sustain the finding, an award based thereon will not be disturbed simply because the trial commissioner or the State Industrial Commission on appeal, as the case may be, has made a finding that the employer or the insurance carrier had "actual notice" of the injury.

There is competent evidence reasonably tending to support the finding made by the State Industrial Commission that the petitioner was not prejudiced by the failure to give the statutory written notice.

HURST, V.C.J., and RILEY, WELCH, CORN, and DAVISON, JJ., concur. OSBORN and BAYLESS, JJ., dissent.