BOETTCHER OIL & GAS CO. et al.
v. LAMB et al.

No. 35567.    March 17, 1953.

*255 P. 2d 277.*

Mont R. Powell, Sam Hill, and William R. Saied, Oklahoma City, for petitioners.

Kerr, Lambert, Conn & Roberts, Ada, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J.   In this case it appears that on the 20th day of September, 1951, John David Lamb, deceased, was employed by the Boettcher Oil & Gas Company as a welder and mechanic; that on said day he suffered a heart injury from which he died.

On November 9, 1951, Lois L. Lamb, wife of deceased, filed a claim for compensation before the State Industrial Commission on her behalf, and on behalf of two minor dependent children of deceased against Boettcher Oil & Gas Company, employer of deceased, and the State Insurance Fund. Compensation is claimed under the provisions of Title 85, chap. 2, S. L. 1951, pp. 267 to 270, inclusive, commonly called the Death Benefit Act.

The trial commissioner, in substance, found: That on the 20th day of September, 1951, John David Lamb, deceased, while in the employ of Boettcher Oil & Gas Company sustained an accidental personal injury consisting of an injury to his heart; that decedent left surviving him Lois L. Lamb, his widow, David Harold Lamb, a son age 16 years, and Linda Kay Lamb, a daughter age 8 years, all of whom were dependent upon deceased for their support, and that said persons are entitled to receive compensation in the sum of $13,500 to be divided proportionately between them, each to receive $4,500. An award was entered accordingly which was sustained on appeal to the commission en banc.

Boettcher Oil & Gas Company and State Insurance Fund, hereinafter referred to as petitioners, bring the case here to review this award and rely solely to vacate the award on the ground that deceased sustained no accidental injury while in the employ of Boettcher Oil & Gas Company; that his death was not caused by an accidental injury, but was due to other causes.

This assignment requires a review of the evidence. The evidence shows that deceased, on the 20th day of September, 1951, while in the employ as above stated, sustained an injury to his heart caused while cranking a motor.

A fellow employee testified in behalf of respondent, in substance, as follows: On the morning of the day Mr. Lamb sustained his injury he and Mr. Lamb were engaged in overhauling a motor; that they completed that task about noon of that day; that at about 1:30 p.m., Mr. Lamb attempted to start the motor for the purpose of placing it on a pump. It was necessary to crank the motor by the use of a hand crank. The motor was hard to crank, it required very heavy lifting to turn the motor over. After he had succeeded in turning the motor over about five times he stepped back and shrugged and twisted his shoulders and stated that he was suffering severe pain in his chest. The witness then started to crank the motor, but was unable to get it started, and he and Mr. Lamb eventually succeeded in starting the motor. About 20 minutes after the motor was started Mr. Lamb, this witness, and two other employees started over to another lease owned by the Boettcher Oil & Gas Company. The lease was about three quarters of a mile from the place where the motor was cranked. In arriving at that lease Mr. Lamb cranked another and smaller motor. This task he completed about 3:30 p. m. Mr. Lamb, the witness, and two other employees then started to play dominoes. Just as the game started Mr. Lamb arose, walked to the door and stated that he could not get his breath, and that he was still suffering great pain in his chest. He was then taken to a hospital at Ada, Oklahoma, for treat-

ment and examination. An intern met him at the hospital and obtained a history of the case from him, reduced it to writing and delivered it to the doctor. The intern testified at the hearing as to the history obtained which is substantially the same as above detailed.

The doctor testified that he first saw John David Lamb at the Valley View Hospital at Ada, Oklahoma, at about 4 o'clock in the afternoon of September 20, 1951. He was then in a dying condition. He was pulseless, but had a slight heartbeat. He was given oxygen and other stimulants in an effort to revive him, but without success and that Mr. Lamb died; that he was furnished a history of the case by the intern, and from such history, his examination and experience as a physician, expressed the opinion that Mr. Lamb's death was caused by overexertion, that it produced a coronary occlusion which means that one or more of the arteries was blocked by an embolus. The doctor further testified:

"Q. What, in your opinion, Doctor, was the thing that produced his death? A. Well, the coronary occlusion produced the death, but when you go to classifying them, you have a little bit of difficulty, because everything depends on what a person means by accident or injury. If you mean by a blow or something like that, then it — he didn't receive a blow or anything of that nature. The overexertion produced a marked increase in the heart beat, an exertion of the heart, which tore an embolus loose. If it lodges in the coronary arteries, then you may have sudden death. If it lodges away in the stomach or in the chest muscles or in the legs, then you may have a little pain for a day or two, and you are over it. But your heart, you have a different matter.

"Q. Then, Doctor, if I understand your explanation, it was the strain and stress under which he was working that produced the injury to that artery? A. That's right."

No other physician testified in the case. Other employees of petitioner Boettcher Oil & Gas Company, however, testified that they did not hear respondent complain of any pain in his chest until they started playing dominoes. The evidence further shows that deceased had worked for petitioner Boettcher Oil & Gas Company doing the same kind of work for about three years prior to September 20, 1951, and that he had never complained of any pain in his chest or any kind of heart trouble. We think the evidence above detailed is sufficient to sustain the finding of the commission that the injury sustained by deceased constituted an accidental injury within the meaning of the Workmen's Compensation Act.

We have heretofore held that an injury sustained by a workman to his heart caused by overexertion and strain constitutes an accidental injury within the meaning of the Workmen's Compensation Act. Carden Mining & Milling Co. v. Yost, 193 Okla. 423, 144 P. 2d 969; Clarksburg Paper Co. v. Roper, 196 Okla. 504, 166 P. 2d 425; Gulf Oil Corporation v. Rouse, 202 Okla. 395, 214 P. 2d 251. In Producers Drilling Co. v. Percival, 207 Okla. 17, 246 P. 2d 374, we held:

"An injury sustained by an employee consisting of a strain to his back while engaged in cranking a motor constitutes an accidental injury within the meaning of the Workmen's Compensation Act, 85 O.S. 1951, §3, subd. 7."

We think the evidence also sufficient to sustain the finding of the commission that Mr. Lamb's death occurred from a heart injury sustained by him on the 20th day of September, 1951, while in the employ of petitioner Boettcher Oil & Gas Company.

Award sustained.

HALLEY, C.J., JOHNSON. V.C.J., and CORN, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.