**SINCLAIR OIL AND GAS COMPANY, a corporation, Petitioner,**

v.

**Clara Leatrice CHEATWOOD, State Industrial Commission of the State of Oklahoma and Mac Q. Williamson, Attorney General of the State of Oklahoma, Respondents.**

No. 38538.

Supreme Court of Oklahoma.

March 1, 1960.

As Corrected on Denial of Rehearing March 29, 1960.

Angus A. Davidson, Ted D. Foster, Jr., Thomas E. Douglass, Tulsa, for petitioner.

Dick Bell, Seminole, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

Claimant, Clara Leatrice Cheatwood, obtained an award under the death benefit provision of the Workmen's Compensation Law, 85 O.S.1951 § 3.1, wherein the State Industrial Commission found that Carl Victor Cheatwood died due to accidental injury arising out of and in the course of his employment. This proceeding is brought by Sinclair Oil and Gas Company, own risk, hereinafter called petitioner, to review the award.

The evidence discloses that Carl Victor Cheatwood, hereinafter called employee, aged 59, was a pumper and roustabout on a lease or leases operated by petitioner; that on the 28th day of November, 1956, he was on the premises at work at approximately 8 o'clock A. M. An employee named King took him to the hospital at Okemah. He was released after a few days of treatment but later returned to the hospital and died in the hospital April 16, 1957.

King testified he was requested by the wife of employee to take employee to the hospital; that employee lived next door to the witness on the Jacob Pierce lease; that King went to employee's home for him and arrived about 8 o'clock A. M. and took him to the hospital; that employee told witness he had been working on a gasoline engine (on the Yarbrough lease); that the pumping engine had stopped during the night; that while starting a "starter" engine employee sustained a heart attack. Witness explained the operation of the engine and stated that it was an old model and was started by pulling on a rope and that it was hard to start. Employee told witness after starting the engine employee sustained a second attack, while climbing a ladder to service the oil tanks on the Arney Hills lease a quarter to a half mile away from the Yarbrough lease. Employee had sustained a former attack in 1954 for which he had received treatment.

The petitioner offered testimony of expert medical witnesses to the effect that the heart attack sustained on November 28, 1956, and the subsequent death were not caused by the work performed and that the death was not due to an accidental injury arising out of and in the course of employment.

Dr. J testified for claimant and was asked a hypothetical question which question included all the essential facts above set out relating to the accidental injury claimed by the employee including the testimony of King. Dr. J testified in substance that in his opinion the strain from the work done by the employee on November 28, 1956, aggravated the heart condition caused by the attack in 1954 and contributed to and caused his death on April 16, 1957.

Petitioner presents the case in five specific issues which we shall reduce to three general propositions. It is first argued there is no competent evidence reasonably tending to support the finding excusing the giving of the statutory written notice required by 85 O.S.1951 § 24. We are of the opinion the State Industrial Com-

mission was authorized to excuse the giving of the statutory written notice. In the award entered by the State Industrial Commission the statutory written notice was excused, the State Industrial Commission finding that petitioner had actual knowledge of the condition of employee and was not prejudiced by the failure to give the statutory written notice.

In Skelly Oil Co. v. Grimm, 196 Okl. 122, 163 P.2d 234, 235, we stated:

"The State Industrial Commission is authorized to excuse the giving of the statutory written notice provided for by 85 O.S.1941, § 24, either on the ground (1) that notice for some sufficient reason could not have been given; or (2) on the ground that the insurance carrier or the employer, as the case may be, has not been prejudiced by the failure to give the statutory written notice.

"Where there is competent evidence reasonably tending to sustain the finding that the employer or the insurance carrier, as the case may be, has not been prejudiced by failure to give the statutory written notice and the trial commissioner, or the State Industrial Commission, has excused the giving of the statutory written notice on that ground, the award will not be vacated for failure to give the notice required in the time and manner prescribed."

See, also, Oklahoma Natural Gas Co. v. White, 187 Okl. 627, 105 P.2d 225; Johnston v. Penwell, 197 Okl. 368, 171 P.2d 266.

■ It is next argued there is no competent evidence reasonably tending to support the finding that employee sustained an accidental injury. Petitioner argues in this connection that the testimony of lay witnesses as to the facts stated by the employee to them is not competent. We do not agree. The testimony given by the witness King was competent and properly admitted. In Huffman v. Gaylor, Okl., 267 P.2d 564, it is stated:

"The question of the admissibility of statements as a part of the res gestae is largely determined by the facts and circumstances of each case, and should in a great measure be left to the determination of the trial court."

■ In Sand Springs Ry. Co. v. Piggee, 196 Okl. 136, 163 P.2d 545, 547, we cited with approval Henry Chevrolet Co. v. Taylor, 188 Okl. 380, 108 P.2d 1024, wherein it is stated:

"* * * It is sufficient to say that admission of such statements is justified by the spontaneous nature of the statement, which is in itself a sufficient guarantee of the trustworthiness of such declarations to render them admissible, if they are made under the immediate influence of the occurrence to which they relate, and it is not necessary that the declarations be so strictly contemporaneous with the occurrence to which they relate as to be admissible under the so-called 'verbal act' doctrine, the element of time being important only for the purpose of determining whether the declaration was made when the speaker was under the stress of nervous excitement as a result of the occurrence to the extent that the reflective faculties were stilled and the utterance therefore a sincere expression of his actual impressions and belief. See Wigmore on Evidence (2nd Ed.) sec. 1750. This has been the tenor of numerous Oklahoma decisions upon the question. See Gibson Oil Co. v. Westbrooke, 160 Okl. 26, 16 P.2d 127, 129; Feenburg Supply Co. v. Pierce, 185 Okl. 662, 95 P.2d 640; Shawnee-Tecumseh Traction Co. v. Henry, 110 Okl. 160, 236 P. 894; Herring v. Hood, 55 Okl. 737, 155 P. 253."

This is an important element in determining whether statements are res gestae but not necessarily controlling. Mason v. Mootz, 73 Idaho 461, 253 P.2d 240; see, also, Towne v. Northwestern Mut. Life Ins. Co. of Milwaukee, Wis., 58 Idaho 83, 70 P.2d 364; Sullivan v. Metropolitan Life Ins. Co., 96 Mont. 254, 29 P.2d 1046.

Petitioner also argues that the evidence discloses that the employee was doing his usual and ordinary work and that the results thereof if causing a heart attack did not constitute an accidental injury. The cases applicable are Carden Mining & Milling Co. v. Yost, 193 Okl. 423, 144 P.2d 969; Terminal Oil Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542; Boettcher Oil & Gas Co. v. Lamb, 208 Okl. 192, 255 P.2d 277; and State Highway Department v. Powell, Okl., 258 P.2d 1189. In State Highway Department v. Powell, supra, it is stated:

"Petitioners refer to the case of National Biscuit Company v. Lout, 179 Okl. 259, 65 P.2d 497. This case and Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751, have been distinguished so many times in subsequent opinions that we see no need to further discuss the distinctions except to say that they are based upon the fact that there was no evidence of any strain which caused a disability. See Terminal Oil Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542, and Knotts Bakery v. Freudenthaler, 188 Okl. 321, 108 P.2d 540. Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465, 468, was one of the last cases in which we analyzed and discussed the related cases. Therein it is stated:

" 'The language used in all of these cases indicates that it is the strain which constitutes the accidental injury. If there is any unusual incident or condition it is mentioned as evidence to support the finding as to the strain.' " [258 P.2d 1190.]

There is competent evidence supporting the finding that the employee sustained an accidental injury.

Finally it is argued the evidence is not sufficient to sustain the finding that the death resulted from an accidental injury sustained during the employment. This is a question of fact and must be determined by medical evidence. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094. The medical evidence was in conflict. The testimony of Dr. J to the effect that the death resulted from an accidental injury which aggravated the former heart condition is sufficient to sustain the finding of the State Industrial Commission. In City of Kingfisher v. Jenkins, supra, it is stated:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

Award sustained.

WELCH, JOHNSON, BLACKBIRD and BERRY, JJ., concur.

HALLEY, JACKSON and IRWIN, JJ., dissent.

IRWIN, Justice (dissenting).

In my opinion the evidence is insufficient to justify a finding by the State Industrial Commission that petitioner had actual knowledge of the condition of the decedent and was not prejudiced by the failure to give the statutory notice.

The claim for compensation was filed November 6, 1957, for an alleged injury suffered November 28, 1956. In March, 1957, deceased was admitted to the hospital with pneumonia and died in April, 1957, from a heart attack. Deceased had filed several claims for hospitalization and sick benefits during his lifetime and after his death, claimant, who admittedly gave no notice to petitioner, filed additional claims for hospitalization and medical expense. All of these claims were for insurance benefits for non-occupational health conditions.

Without question, the petitioner had knowledge that claimant had a disability or had suffered a heart attack, but at no time did deceased or claimant ever indicate to petitioner that decedent's disability or death

948 ■ ▇▇▇▇▇▇▇▇▇▇

was due to or the result of an accidental injury, arising out of and in the course of his employment; nor did they ever show any inclination to come under the purview of the Workmen's Compensation Act until claimant filed her claim for death benefits with the State Industrial Commission. In my opinion the petitioner was lead to believe the disability was a health condition and not the result of an injury and would be prejudiced by the failure of decedent or claimant to indicate or advise the petitioner that the disability was a result of an accidental injury arising out of and in the course of his employment.

For the foregoing reasons, I respectfully dissent.

I am authorized to state that Mr. Justice JACKSON concurs in the views herein expressed.