## HUFFMAN v. GAYLOR.
### No. 35884.

Supreme Court of Oklahoma.
Feb. 23, 1954.

Pierce, Mock & Duncan, Oklahoma City, for plaintiff in error.

Ben. La Fon, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

The parties are referred to herein as they appeared in the trial court.

This is an action by C. D. Gaylor against Carl Huffman to recover damages for injury to his automobile motor allegedly caused by the negligence of an employee of

defendant while engaged in towing an automobile on the frame of which the motor was resting, but to which it was unattached, to defendant's garage.

Defendant in his answer pleads that if plaintiff's motor was damaged, which is not admitted but denied, the damage was caused by his own negligence and not by any negligence or carelessness on the part of defendant. He further pleads contributory negligence and unavoidable accident.

A pre-trial conference was held at which hearing it was agreed that the issues had been made up and that no new or novel questions of law would arise in the case.

After the pre-trial conference but before trial of the case defendant employed different counsel and his counsel, without obtaining permission from the court and out of time (less than a week prior to trial date), filed an amended answer in which amended answer counsel seek to enlarge upon the allegations of negligence contained in the original answer. The amended answer states that plaintiff was negligent in that he was engaged in the process of repairing his vehicle on the street in Oklahoma City in violation of a city ordinance which reads as follows:

"Repairs in Street. No vehicle shall be repaired, washed or served with oil or gas while such vehicle is on the streets of this city, provided that this provision does not apply in case of an emergency."

He further pleads in such amendment that the plaintiff negligently parked his vehicle in the center of Northwest 23rd Street in Oklahoma City near the intersection of Northwest 23rd and North McKinley or negligently parked his vehicle alongside the street in such manner that it rolled from its parking position into the center of Northwest 23rd Street where it constituted a traffic hazard in violation of the ordinance of the City which reads:

"Responsibility of Owner. It shall be unlawful and an offense for any person, firm or corporation to knowingly allow, permit or suffer any vehicle registered in his or its name to stand or park in any street, highway or parkway under the control of the City in violation of the provisions set forth in this ordinance."

That because of negligence of plaintiff in failing to obey the law of the City plaintiff was guilty of negligence which proximately caused or contributed to the incident which caused the injury and damage to the motor.

Defendant further pleads in such amendment, "that at the time the plaintiff alleges to have sustained his damages, this defendant was employed by the City of Oklahoma City in their proper exercise of the police powers of this City, and that this defendant was lawfully engaged in impounding the plaintiff's vehicle in accordance with Oklahoma City Ordinance No. 6344, Section 1, Section 2(c), and Section 3, and/or Title 8, Section 53 of the same ordinance."

Plaintiff, at the commencement of the trial, moved to strike the amendment to answer, which motion was sustained.

At the close of the evidence defendant requested the court to direct a verdict in his favor. The request was denied and the case was submitted to the jury and a verdict was returned in favor of plaintiff and judgment entered on the verdict accordingly. Motion for new trial was overruled.

Defendant appeals and for reversal relies upon the following proposition: (1) error of the court in striking his amendment to answer; (2) error in the admission of incompetent and hearsay evidence; and (3) error in overruling request for directed verdict.

Defendant in his first proposition urges error in striking amendment to his answer. It appears from the record the amendment to answer was stricken for the reason that it was filed out of time, without permission of the court, and after pre-trial conference had been held. While, in our opinion, the court might properly have allowed the amendment to answer to stand, under the record in this case it did not commit prejudicial error in striking it.

The amendment to answer in no manner changed the defense set up in the original answer. It sought simply to enlarge upon the allegations contained in the original answer.

With reference to the ordinance first pleaded in the amendment by the trial court stricken, we note that no proof was made that plaintiff removed his motor from the automobile while it was parked in the street. His uncontradicted testimony was that he removed same while the automobile was parked in his yard.

With reference to the ordinance pleaded second in such amendment, it is to be observed that such court permitted the defendant to prove under the allegations in the original answer that plaintiff had violated that ordinance of the city, if his conduct was, in fact, a violation thereof, by parking on the street alongside the curb; that the automobile was discovered by the police in the middle of the street and that plaintiff paid a fine. Nothing more should have been established under these allegations contained in the amendment to answer.

Concerning the third ordinance, pleaded by reference, a sufficient answer to the complaint made of the court's action in striking same appears to be plaintiff's argument, not denied in the record or briefs, (and indeed it appears from the record that it cannot be denied) that at the pre-trial conference had shortly after filing of the original answer and several months before the filing of the amendment, defendant's counsel at the time, as above noted, stipulated in a pre-trial conference order (signed by the Judge and counsel) that no novel questions of law (such as constitutionality of the ordinance) would be raised in the trial, and that the issues were made up.

Moreover we do not think the facts pleaded in the amendment constituted any defense to plaintiff's cause of action. Plaintiff relied solely for recovery on the alleged negligent act of the employee of defendant in moving and towing the automobile to the garage without fastening the motor to prevent it from dropping. We have seen that plaintiff was not shown to have violated the first ordinance pleaded. We fail to see how the parking by plaintiff of the automobile in alleged violation of the second ordinance pleaded in the amendment to answer could have caused or contributed to the injury and damage to the motor.

The fact that plaintiff had parked the automobile alongside the curb of the street and it thereafter in some manner found its way to the middle of the street merely created a condition which made it necessary to remove the automobile; that was not the proximate cause of the injury and damage to the motor and could not constitute an intervening cause or contributing cause and so would not prevent recovery by plaintiff. Jafek v. Public Service of Oklahoma, 183 Okl. 32, 79 P.2d 813; Munroe v. Schoenfeld & Hunter Drilling Co., 178 Okl. 149, 61 P.2d 1045. With reference to the third ordinance pleaded, it is argued that defendant's rights were prejudiced in that he could not tell the jury he acted under orders of the police. He and his witnesses did show that. To prove the ordinance, he should timely and properly have pleaded it. He urges he should have been allowed to have the pleadings amended to conform to the proof, but proof of that ordinance was not made.

Considering the record as a whole, we conclude that the court did not commit prejudicial error in striking the amended answer.

The second and third assignments of error in effect amount to a single assignment and we shall therefore consider these assignments together.

There is very little, if any, dispute between the parties as to the facts in the case. They are: On or about the 11th day of January, 1952, plaintiff was in the process of removing a motor from a Terraplane automobile. The motor was still in the automobile but had been loosened from the chassis when he quit work for the day, at which time he moved the automobile to a position alongside the curb at his home at 1610 Northwest 23rd Street; that about an hour after he had parked the automobile he discovered that it was missing from the place at which it had been parked. He called the defendant's garage and discovered that the automobile had been towed there. He had a conversation with a person at the garage, whose name he did not know but whom he understood to be an employee of defendant. In that conversation the person to whom he was talking stated:

that he knew at the time he towed the automobile that the motor was loose in the automobile; that he did not fasten it because he did not have any chains with which to fasten it; that in the process of towing it to the garage the motor fell out of the automobile and was damaged. He further testified that the person with whom he was talking returned the automobile from the garage to plaintiff's home; that he assisted this person in returning the automobile and that he paid defendant's servant $4.50 for towing the automobile to the garage and $4.50 for returning it. He admitted that he parked the automobile in the street after he finished working on it for the day (it being his intention to tow same away after heavy morning traffic had decreased) and that he was charged with the violation of a city ordinance and that he paid a fine for such violation.

A member of the Oklahoma City Police Department testified in behalf of defendant that he discovered the automobile parked in the center of 23rd Street; that he impounded the automobile; that he called the defendant Huffman's garage and had it removed to that garage.

It is the contention of defendant that the evidence offered by plaintiff as to the statement made to him by the person who towed the automobile to the garage was not the only evidence tending to establish negligence; that such evidence was hearsay; that it was admitted over his objection and the court should therefore have disregarded such evidence in passing on his motion and should have sustained the motion for a directed verdict. We do not agree.

■ The exact time which transpired between the injury and damage to the motor and this conversation is not definitely established by the evidence. According to plaintiff's evidence it occurred about one hour after he had parked the automobile. There is no evidence as to the time intervening between the parking of the automobile by plaintiff and its discovery by the policeman in the center of the street and removal by defendant's agent. We think it sufficient however to show that the statement was made so near the time the in-

jury and damage to the motor occurred as to preclude any idea of falsification or deliberate design. It was made by the party who caused the injury and damage to the motor. It was made while plaintiff was assisting him in returning the automobile. It was apparently spontaneously made and we think the evidence sufficient to show that it was provoked and influenced by the happening of the event itself and therefore a part thereof. The evidence objected to was admissible as part of the res gestae and the court committed no error in admitting it.

■■ The facts in this case bring it within the rule announced in the following cases: Gibson Oil Co. v. Westbrooke, 160 Okl. 26, 16 P.2d 127; Henry Chevrolet Co., Inc., v. Taylor, 188 Okl. 380, 108 P.2d 1024; Sand Springs Railway Co. v. Piggee, 196 Okl. 136, 163 P.2d 545. In the case last above cited we held:

"The question of the admissibility of statements as a part of the res gestae is largely determined by the facts and circumstances of each case, and should in a great measure be left to the determination of the trial court."

The statements objected to in that case were made some considerable time after the injury occurred and we held the statements admissible as part of the res gestae. The authorities are reviewed at length in that case and sustain the conclusion reached. We think, as stated in that case, taking into consideration all of the circumstances under which the statement was made it can safely be said that it was spontaneously made, that it was provoked and influenced by the event itself and was therefore a part thereof. At least it cannot be said that the trial court abused its discretion in so holding and admitting the statement in evidence. The trial court ruled correctly in denying defendant's request for a directed verdict.

Judgment affirmed.

JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL and BLACKBIRD, JJ., concur.

HALLEY, C. J., dissents.