ACME MATERIAL COMPANY and Continental Casualty Company, Petitioners,

v.

William Roy WHEELER and Oklahoma State Industrial Commission, Respondents.

No. 36471.

Supreme Court of Oklahoma.

Dec. 21, 1954.

O. A. Brewer, Hugo, for plaintiff in error.

Hal Welch, Hugo, Don Welch, Don E. Welch, Madill, for defendant in error.

Rucker & Tabor, Robert L. Shepherd, Tulsa, for petitioners.

H. Tom Kight, Jr., Claremore, Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, Justice.

This is a proceeding by Acme Material Company and Continental Casualty Company, its insurance carrier, to review an award of the State Industrial Commission awarding compensation to respondent, William Roy Wheeler, for temporary total disability.

Respondent in his claim filed on December 10, 1953, stated that on the 8th or 9th of October, 1953, while in the employ of respondent and engaged in the operation of a Diesel shovel sustained an accidental injury consisting of an injury to his back. The injury was caused while operating the shovel in hard rock. When he arose from the seat of the shovel to get a drink he felt a sharp pain in his back.

The trial commissioner to whom the case was assigned at the close of the evidence in substance found: that on or about the 8th day of October, 1953, respondent while in the employ of petitioner, Acme Material Company, sustained an accidental injury arising out of and in the course of employment consisting of an injury to his back. His wages were sufficient to fix his rate of compensation at $28 per week. Respondent continued to work until October 22, 1953, and since that time he has been temporarily totally disabled and is entitled to further medical treatment; that respondent is entitled to recover compensation which has accrued from October 27, 1953, to March 16, 1954, in the total sum of $560; that such payments shall continue at the rate of $28 per week during his period of temporary total disability not to exceed 300 weeks until further order of the Commission and is entitled to further medical treatment and entered an award in favor of respondent accordingly. The award was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this award and rely for its vacation on the ground that the evidence is insufficient to establish that respondent sustained an

accidental injury within the meaning of the Workmen's Compensation Law, 85 O.S. 1951 § 1 et seq., and that the evidence is insufficient to sustain the finding of the Commission that as a result of his injury he has been temporarily totally disabled.

It is stipulated that the only issue here involved is as to whether respondent sustained an accidental injury on the 8th or 9th of October, 1953, as stated in his claim.

The only evidence offered in the case other than the medical evidence consists of evidence of respondent. He in substance testified: On or about the 8th or 9th of October, 1953, while in the employ of Acme Material Company he sustained an accidental injury to his back in the manner and time stated in his claim. Petitioner Acme Material Company is engaged in the rock crushing business. He was employed to operate a Diesel shovel and was engaged in the operation of the shovel when he sustained his injury. He was assigned to the job of picking up the rocks with the shovel and loading them for transportation to the crusher. Digging with the shovel was required in many instances in order to remove the rock. The shovel was equipped with a seat at its top in which he sat while operating the machine and while operating it it was necessary that he keep one foot on the lever and one on the brakes. He had encountered hard digging the day he sustained his injury. He further testified:

"Q. Now, you allege that about either the 8th or 9th of October, 1953, you were injured. I wish you would tell the Judge just what it was that happened on that occasion. A. Well, I don't know whether he has run a shovel or not, or seen it. Anyways, It's mechanically operated, got three levers and a brake; and one of these levers, digging, you had to use your foot, you know, to push it; and you hit something solid, maybe kick back, your foot might slip off, or maybe you hang onto a hard rock, you know, tight, slid around, slip off, maybe fall down, or you pick up a big boulder and swing around with it, machine tilts over, and you will drop it a little quicker than you intended to, have to keep the machine from turning on over; and of course, that gives you a jar. There are lots of things you can get injured on loading this way. You could get injured on lots of things.

"Q. On this particular day, either the 8th or 9th of October, 1953, tell the Commissioner if anything unusual happened? A. Well, we had hard digging. Of course, we had hard digging all the time, and trouble in spots, you know, and I got up to get me a drink and just as I got up, I felt that catch in my back."

Notwithstanding his injury he kept working. The pain in his back gradually grew worse. He kept working for three weeks when he quit because of severe pain in his back and has been unable to do any work since that time. He then notified the superintendent in charge of his injury and the superintendent tendered him medical treatment. He thereafter saw and was treated by several doctors but his condition has not been greatly improved.

He has been operating a Diesel shovel for different employers for about fifteen years, the last two and one-half years for his present employer. He has never had any pain or injury to his back prior to the 8th or 9th of October, 1953, the date on which he sustained his present injury.

The medical evidence consists of written reports filed by three physicians. One of these physicians in his report of January 14, 1954, which was admitted in evidence by agreement and without objection to any portion of the report or statement therein contained stated he saw and examined respondent on the 6th day of January, 1954. He gave him a history of having been involved in an accident on the 8th or 9th of October, 1953, about 10:00 A.M., at the above company while working the brakes on a power shovel, lifting rocks, et cetera, he injured his back. He states that he noticed the pain in his back after getting up and out of the seat of the shovel. He continued working but had to quit on October 22, 1953, because of the

pain in his back. He has been operating a power-shovel for a number of years. The patient states that he now has constant low back pain, and he thought it came on after applying too much pressure on the brakes of the shovel. Examination of X-ray made in Dr. A's office in Claremore, Oklahoma, on November 4, 1953, reveals a degenerated fifth disc with degenerative changes in other part of the lumbar spine. This man complains of low back pain which is localized. He has no numbness in the legs. He is not aware of any specific injury, but the gradual onset of pain following the use of the shovel. It would be my opinion that this patient has a degenerated fifth disc, which has been aggravated by the use of the power shovel. I feel that the degenerated disc has been there for some time. There is only one treatment, and that is a lumbosacral stabilization. However, prior to that time, I think his nerve roots should be looked at when the stabilization procedure is done. With the stabilization procedure, in my opinion this patient will probably have about 20 per cent partial permanent disability to the body as a whole.

Another physician based on substantially the same history above mentioned and on his own examination including X-ray examination reached the conclusion that respondent was suffering from arthritis accompanied by a degeneration of the intervertebral disc at the fifth lumbar interspace of long standing; that the condition could not have been caused by the incident in question and that in so far as aggravation is concerned it could be considered no more than temporary aggravation not greater than the maximum of eight weeks and further stated that respondent is not able at this time to do the work he has been doing but that in his opinion he will not be permanently disabled due to the incident in question.

The third physician reached the same conclusion as did the above physicians as to respondent's present condition and stated that he is not able at this time to do ordinary manual labor and it is doubtful if he will ever be able to return to his former occupation and recommended that he stay on a conservative regime for three

months, and if no improvement is noted, that this area be surgically explored with possible fixation of the lower vertebra. Following this an evaluation can be made.

This in substance constitutes the evidence in the case. It is contended by petitioners that it is insufficient to support the contention of respondent that the injury sustained by him constituted an accidental injury and in support of this contention rely on Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751; National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; Phillips Pet. Co. v. Eaves, 200 Okl. 21, 190 P.2d 462. These cases in our opinion are not applicable to the situation here presented. We think the evidence sufficient to establish that respondent while engaged in the operation of the Diesel shovel sustained an injury consisting of a strain to his back and therefore constitutes an accidental injury within the meaning of the Workmen's Compensation Law.

The facts in this case bring it within the rule announced in Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; Liberty Glass Co. v. Guinn, Okl., 265 P.2d 493, 494. In these cases we held that an injury received by a workman consisting of a strain constitutes an accidental injury where it occurred while the employee was doing his work in the usual and ordinary manner required in the performance of such work though nothing unusual occurred or happened to cause the strain.

In the case last cited we held:

"The question of whether a workman engaged in a hazardous employment actually sustained an accidental personal injury, when one of fact upon which conflicting evidence is presented, the finding of the commission thereon will be accepted by this court if there is any evidence reasonably tending to support the same."

We think the evidence sufficient to sustain the contention of respondent that the injury sustained by him constitutes an accidental injury. We think the evidence is also sufficient to sustain the finding and award of the Commission as to temporary total disability. We have here-

tofore held that an accidental injury sustained by a workman engaged in a hazardous occupation within the Workmen's Compensation Law which aggravates or produces activity of a latent or dormant disease thus creating a disability which had not previously existed is compensable. McCoy Tree Surgery Co. v. Baty, 207 Okl. 285, 249 P.2d 409; M. & W. Mining Co. v. Lee, 199 Okl. 76, 182 P.2d 759.

Award sustained.