.BRENTWOOD EGG COMPANY and Hartford Accident and Indemnity Company, Petitioners,

v.

Billy Joe COLEMAN and the State Industrial Commission, Respondents.

No. 37198.

Supreme Court of Oklahoma.

June 5, 1956.

Covington & Donovan, Tulsa, for petitioners.

Meredith & West, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

HUNT, Justice.

On July 7, 1955 Billy Joe Coleman, referred to as respondent herein, filed a claim for compensation against his employer, Brentwood Egg Company, and its insurance carrier, Hartford Accident and Indemnity Company, petitioners herein, in which he states that on April 29, 1955, while in the employ of Brentwood Egg Company he sustained an accidental injury consisting of an injury to his back; that the accident occurred while he was engaged in lifting a heavy metal trash can.

The trial commissioner so found and further found that as a result of his injury respondent was temporarily totally disabled from May 20, 1955 to May 27, 1955 and from June 15, 1955 to date and he is still temporarily totally disabled and is entitled to temporary total compensation at the rate of $28 per week in the total sum of $558, and that such payments should continue until further order of the Commission not to exceed 300 weeks, and upon such finding entered an award accordingly which was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this award and contend there is no competent evidence to sustain the finding of the Commission that respondent while in the employ of Brentwood Egg Company sustained an accidental injury.

It is stipulated that petitioner, Brentwood Egg Company, is within the purview of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., by reason of an insurance policy carried by Hartford Accident and Indemnity Company.

Respondent testified that on the 29th day of April, 1955, while in the employ of Brentwood Egg Company he sustained an accidental injury consisting of an injury to his back. He was engaged as a shipping clerk; that part of his duties consisted of loading and unloading trucks and he also occasionally worked around the egg machine. He started to work early in the morning the date he sustained his injury. He was cleaning up, started to remove a trash can, and as he started lifting the can he felt a catch and pain in his back. The can weighed between 50 and 75 pounds. Due to the pain and catch in his back it was difficult for him to remain standing. He notified his employer, who made out an accident report for him to sign and sent him to a doctor. The doctor examined him and treated him and gave him some medicine and advised him to return to work. He returned to work on May 2, 1955, and did light office work for three days, after which he returned to his old job at the request of his employer and continued to work at intervals for it and another employer until June 15, 1955, when he discontinued work because of pain in his back and is still suffering pain in his back and is unable to do any work; that prior to the time he sustained his present injury he experienced no difficulty with his back. He was thereafter examined and treated by other doctors but he was not materially benefited by such treatment.

On cross-examination respondent testified that the pain in his back struck him as he stooped to pick up the trash can. The pain struck him before he started to lift the can. However, in answer to a question propounded by the trial commissioner respondent stated that the pain did not strike him until he started to lift the can. The medical evidence consists of evidence of various doctors. Dr. S, in his report, states that he first saw and examined respondent on June 27, 1955. He complained of pain in his lower back. Respondent stated he injured his back while working for Brentwood Egg Company. He stated that he

bent over to pick up a trash can and in the process of so doing he sustained an injury to his back. The doctor, after stating in detail the results of his examination and conditions found to exist, concluded:

"\* \* \* this patient has either a protrusion of the intervertebral disc at L–5 or a ligamentum flavum syndrome associated with a probable partial instability of the back. It is felt at the present time that this patient is unable to do ordinary manual labor without severe pain and is, therefore, temporarily totally disabled. It is strongly suggested that treatment be instituted in this case, and that the patient be admitted on the combined service of a neurosurgeon and orthopedist to the hospital for consideration of future treatment. I feel that there is a good possibility that this patient may be treated and rehabilitated without surgical interference, although it is possible that surgery may be necessary. I feel that the patient's present disability is directly related to the accident on 4–29–55."

Dr. T, in his report, states he examined respondent August 26, 1955, and that as a result of the examination concludes:

"This patient has symptoms and physical findings of a low back strain superimposed on a congenital abnormality of the back. In view of the fact that he has had not very adequate treatment, and has continued to have symptoms, I would recommend a period of hospitalization for about three weeks for pelvic traction, complete bed rest, flexed bed, physical therapy, and incidental mediation. It would be my opinion that his symptoms would be markedly improved with this."

There is also medical evidence to the effect that respondent has some difficulty with his back, but that such difficulty is congenital and not due to trauma.

Petitioners assert that the evidence elicited from respondent on cross-examination to the effect that when he stooped to pick up the trash can he felt a pain in his back, that he felt the pain before he started to lift the can establishes that he sustained no accidental injury. Respondent, however, on his direct examination and in answer to a question propounded by the trial commissioner testified as above stated. While respondent's evidence is somewhat confusing and in some respects contradictory, we think his testimony given on direct examination and in answer to the question propounded by the trial commissioner when considered in connection with the medical evidence above referred to is sufficient to sustain the finding of the trial court that while in the employ of Brentwood Egg Company respondent sustained an accidental injury consisting of an injury to his back and that as a result of such injury he is temporarily totally disabled.

We think it clear that the injury sustained by respondent, consisting of an injury to his back, while engaged in lifting the trash can constitutes an accidental injury within the meaning of the Workmen's Compensation Law. In Hart Const. Co. v. Weaver, 201 Okl. 424, 206 P.2d 724, we said:

"An injury sustained by an employee consisting of a strain to his back while engaged in prying loose boards and seats in a gymnasium building under the evidence and circumstances of this case constituted an accidental injury within the meaning of the Workmen's Compensation Act, 85 O.S. 1941, § 3, subd. 7."

See, also, Producers Drilling Co. v. Percival, 207 Okl. 17, 246 P.2d 374.

Petitioners contend that the evidence clearly shows that respondent sustained his injury while bending over in an attempt to lift a trash can; that there is no evidence of strain or twisting of the back; that the pain in his back is due to a congenital condition and not due to trauma. There is some evidence tending to sustain this contention. There is also evidence to the contrary. The Commission found this issue against petitioner and found that respondent did sustain an accidental injury consisting of an injury to his back. Since there is competent evidence to sustain such finding an award based thereon will not be

disturbed on review. Acme Material Co. v. Wheeler, Okl., 278 P.2d 234; Calhoun Const. Co. v. Sexton, Okl., 288 P.2d 705.

The award of the State Industrial Commission is, therefore, sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ.