**TERRY MOTOR COMPANY and the State Insurance Fund, Petitioners,**

**v.**

**Della MIXON and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 38130.**

Supreme Court of Oklahoma.

March 3, 1959.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioners.

Rex H. Holden, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

Della Mixon, herein called claimant, sought an award against Terry Motor Company, employer, and its insurance carrier, State Insurance Fund, under the Death Benefit Provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., for the death of her husband, Hunter Mixon, here referred to as employee. She was awarded $13,500 for herself and her children. The employer and insurance carrier have petitioned this Court to review the award.

We deem a brief review of the facts necessary, for a clear understanding of the contentions of the employer and its insurance carrier. It is admitted that on June 24, 1955, Hunter Mixon, husband of claimant, was employed as a janitor for Terry Motor Company and that the employer carried a Workmen's Compensation policy, and that the salary of Hunter Mixon was sufficient to entitle him to the maximum compensation rate. It was not stipulated that the wages of Hunter Mixon were included in the premium paid by the employer to the State Insurance Fund.

On the morning of June 24, 1955, while Hunter Mixon was going about his work as a janitor in the shop of Terry Motor Company in Stroud, Oklahoma, a part-time employee of Terry Motor Company named Rozell, who was not working on June 24, 1955, "made a pass" at Hunter Mixon. Mixon said he guessed he ought to throw Rozell, who replied to Mixon "to get at it." Mixon then grabbed hold of Rozell, who threw Mixon down and his head hit the floor. All this was in a good mood and between old friends, but four days later Mixon died from, and as a result of striking his head on the cement floor of the garage.

Della Mixon, widow of deceased, made a claim for compensation and elected that a hearing be had in Creek County. It was set for hearing at Bristow on February 29, 1956. Claimant appeared and announced that she was not ready and the case was stricken. The employer and insurance carrier appeared and were ready for a hearing, but had filed no answer.

The matter was not set for hearing again until October 15, 1957, at Oklahoma City. At this hearing the petitioners here claim that before the hearing they informed the attorney for claimant that the witness, Roscoe Rozell had been out of the State, and had just been located as being now at Buffalo, Oklahoma, and requested a stipulation that they be given a short time in which to secure his deposition or that a written statement by Rozell be admitted in evidence. These requests were refused by claimant's attorney and the hearing proceeded without a formal request for a continuance until claimant had rested. The Commissioner hearing the matter refused to continue the case and on October 16, entered an order for claimant. Petitioners requested a hearing en banc, which resulted in an approval of the award and petitioners have requested a review of the proceedings by this Court.

The claimant testified that her husband was employed by Terry Motor Company, which was a garage where " * * * they do mechanical work on trucks and tractors

354

. and things like that, and machinery", and that her husband did not do any mechanical work; that he did janitor work and shot pits for oil companies, and that when he came home on June 24, 1955, after being injured that he was in great misery and that his head was hurting and about to kill him; that while he was doing his janitor work, Roscoe Rozell came by and grabbed him by one leg and he lost his balance and fell and struck his head on the concrete floor and suffered a severe headache. This testimony was all objected to by petitioners as to the conversation between deceased and his wife.

▪ Petitioners submit four propositions in support of their contention that the award of the Industrial Commission should be vacated. It is first claimed that the award made is not supported by the evidence and by the third proposition raised the question of the propriety of permitting the wife of the deceased to testify as to her conversations with him as to how he was injured. We think the evidence is sufficient to establish that Mixon was engaged in a hazardous occupation. The testimony of the deceased's wife as to how her husband was hurt was not admissible under Section 385, 12 O.S.1951, and for the further reason that her testimony on this point was purely hearsay.

▪ The serious question in this case is whether the antics of Rozell and Mixon were such as to show that Mixon's injuries arose out of his employment. Since the Commission admitted the testimony of the widow improperly we think this question should be re-presented.

▪ The petitioners' second proposition that a jurisdictional question may be raised at any time does not require a discussion at this time for we think that the evidence as to the non-appointment of an administrator is sufficient.

Petitioners for their fourth proposition contend that it was error to deny them a continuance on October 15, 1957, because of the absence from the State of Roscoe Rozell, who was located in Buffalo, Oklahoma, shortly before the hearing began on that date. They asked for a continuance of from five to ten days to enable them to secure the testimony of this important witness upon the vital issues involved. He was the one witness who knew whether deceased stepped outside his course of employment and willingly engaged in a wrestling match from which he received his fatal injury.

▪ It was contended here that deceased was injured while engaged in horseplay. The general rule as to liability for one injured while so engaged is stated in Horn v. Broadway Garage, 186 Okl. 535, 99 P.2d 150, as follows:

"It is the general rule that no compensation is recoverable under the Workmen's Compensation Law (section 13348 et seq., O.S.1931, 85 Okl.St. Ann. § 1 et seq.) for injuries sustained through horseplay or fooling which was done independently of and disconnected from the performance of any duties of the employment since such injuries do not arise out of the employment within the meaning of the law."

It is possible that Rozell's testimony could clear up this question.

It should be kept in mind that when the first hearing was set at Bristow on February 29, 1956, petitioners were present and ready, but claimant was not ready and the case was stricken. Claimant waited eight months to file her Form 3–A under the Death Benefit Act. The case was not reset until 20 months later, but the court refused to give five or ten days to secure testimony of extreme importance. As long as Rozell's testimony is available it should be had in order that a proper decision can be had in this case.

In Forrester v. Maryland, 142 Okl. 193, 286 P. 302, 303, in discussing Section 7294, C.O.S.1921, 85 O.S.1951 § 26, this Court said in regard to the right of the Industrial Commission to refuse or grant an extension of time as follows:

"This clearly entitled the claimant before the Industrial Commission to a hearing, and a hearing means a full and complete hearing; that claimant should be given every reasonable opportunity to present his claim, and respondent should be given the same rights and privileges. We are of the opinion that the State Industrial Commission was in error in denying the claimant an opportunity to present further testimony prior to the last and final award in this cause. * * * It being the duty of the commission, under the Industrial Law in this state, to determine all facts, it is essential and necessary that the commission have all facts before it which were offered by the claimant in support of his claim and all facts offered by respondent in opposition to the claim."

This Court in Barfield v. Morris, Okl., 311 P.2d 235, 238, announced as follows:

"* * * Although the State Industrial Commission is not required to proceed in strict compliance with rules of court, it is bound to obey substantially the duty placed on it by statute to grant each party a full opportunity to be heard on the questions presented to that body. In A. K. Spalding Construction Co. v. Walden, Okl., 268 P. 2d 247, 248, it is stated:

"'We have held that it is the duty of the State Industrial Commission before making an award to grant a full and complete hearing to the parties interested on the questions presented. * * *'"

See also Stanolind Pipe Line Co. v. Geurin, 162 Okl. 71, 19 P.2d 139.

In view of the long delay in getting to trial in this matter at the instance of petitioner before the Commission, respondents here, and the inability of the petitioners to locate Rozell sooner, we find that the petitioners were denied a fair and full hearing. The award rendered October 16, 1957, is vacated and the case remanded to the Industrial Commission with directions to permit Terry Motor Company and its insurance carrier, the State Insurance Fund, a further hearing and a reasonable time within which to secure the testimony of Roscoe Rozell and of any other competent witnesses produced to testify upon the issues involved.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.