Zola M. KELLEY, Petitioner,

v.

**ENID TERMINAL ELEVATORS,** United States Fidelity and Guaranty Company and The State Industrial Court, Respondents.

No. 39307.

Supreme Court of Oklahoma.

June 12, 1962.

Dennis L. Pope, Enid, Oklahoma, for petitioner.

Fenton, Fenton, Smith & McCaleb, by John B. McCaleb, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

The State Industrial Court denied an award and claimant seeks a review against Enid Terminal Elevators, employer, and its insurance carrier, United States Fidelity and Guaranty Company, hereinafter called respondents.

The evidence discloses that on January 18, 1960, Lee Douglas Kelley, hereinafter called employee, arrived at his place of work and part of his work consisted of loading grain. It was necessary to use a tractor in moving cars in which to load grain, and employee, with a fellow employee, attempted to start the tractor. Employee made four or five revolutions in attempting to crank the tractor. The temperature was seventeen degrees and these men were unable to start the tractor. Their attempts to start the tractor ended at approximately 8:10 A.M. After work on the tractor, employee assisted in pulling on a cable to place boxcars in position to be loaded or unloaded. He went home for lunch at twelve noon. He returned to work at One P.M., and assisted in unloading a boxcar filled with wheat. Part of this work included use of a mechanical shovel, which he guided. He then went to the scale room on a hand lift elevator. This room was approximately 130 feet high in the elevator. He was found by a fellow employee. He had suffered a heart attack and was dead when the doctor, called by a fellow employee, arrived. He died at approximately 1:30 P.M. that day.

During trial, claimant, employee's widow, offered to testify that when employee came home he stated his chest hurt, and he had become exhausted, or tired, from the operation of the tractor. The nature of this proffered evidence is reflected in the following excerpt from the record:

"THE COURT: Make your offer.

"MR. POPE: If Your Honor please, I at this time would make an offer of proof that the deceased stated to his wife, during the lunch hour on January 18, 1960, that he had cranked on a trac-

tor a good part of the morning several times, and that they never could get the tractor going, and that they finally had to pull the tractor, and that the deceased, himself, cranked on the tractor a considerable number of times.

"(By Mr. Pope) Now, all right, Mrs. Kelley, did your husband make any statements to you during the noon hour of January 18, 1960, pertaining to how he was feeling at the time, or how he felt during the morning?

"MR. UNDERWOOD: We will renew our objection.

"THE COURT: Sustained.

"MR. POPE: I would like an exception, and make an offer of proof.

"THE COURT: Make your offer.

"MR. POPE: If the witness were allowed to answer that question, she would testify that the deceased, after having finished his noon meal on the eighteenth, went in and lay—sat down —on the divan, and was looking at some newspapers; and in the course of events commented to her that he had what seemed to be a gas or water pocket around his heart which was causing a great deal of pain in his chest; and that he had had that during the morning; and he was experiencing that feeling at the time the statement was made during the noon hour."

It is first argued that the trial judge's exclusion of, or refusal to consider, this evidence was error. Respondents cite Terry Motor Co. v. Mixon, Okl., 336 P.2d 351, wherein it is stated:

"The widow of an employee who died as the result of injuries received on his job is incompetent to testify as to what the deceased told her as to how he was injured and the circumstances surrounding the accident under Section 385, 12 O.S.1951, and such testimony is further objectionable because it is hearsay."

The correct rule is announced in Rigdon & Bruen Oil Co. v. Beerman, Okl., 346

P.2d 169. In that case this court discusses testimony offered by the widow after the death of her husband. Therein we stated:

"The testimony that we have set out relative to the conversation between employee and claimant following his return from the power house is admissible as part of the res gestae. Collins-Dietz-Morris Co. v. Richardson, Okl., 307 P.2d 159; Huffman v. Gaylor, Okl., 267 P.2d 564. In Huffman v. Gaylor, supra, it is stated:

" 'The question of the admissibility of statements as a part of the res gestae is largely determined by the facts and circumstances of each case, and should in a great measure be left to the determination of the trial court.'

"Testimony relative to what occurred prior to employee's going to the power house was properly rejected as hearsay.

"It is also argued that under the provisions of 12 O.S.1951 § 385, subd. 3, claimant as the surviving spouse of employee was incompetent to testify. In making this argument petitioners apparently overlooked language added to said statute by a 1953 amendment. We quote the statute as amended in 1953, emphasizing the language added thereto by the amendment:

" 'The following persons shall be incompetent to testify:

" '3. Husband or wife, for or against each other, except concerning transactions in which one acted as the agent of the other, *or in an action growing out of personal injuries to either spouse,* or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards.'
\* \* \*"

We find no reversible error in the action of the trial commissioner. A full and complete hearing on the cause of the injury

and all of the circumstances involving the alleged accident was afforded claimant, and the exclusion of this evidence, or the refusal of the trial judge to consider it, was not prejudicial. Shell Oil Co. v. State Industrial Comm., Okl., 279 P.2d 316.

Claimant next contends that the trial tribunal erred, as a matter of law, in its conclusion wherein it found:

"That the death of decedent herein did not result from an accidental personal injury, arising out of the course of his employment, *since no unusually heavy or strenuous work was performed on the date of the alleged accident which could have caused or precipitated the heart attack* which resulted in the death of the claimant." (Emphasis added.)

If we correctly understand claimant's contention it is that the trial tribunal concluded, *as a matter of law,* that recovery could not be had in the instant case "since no unusually heavy or strenuous work was performed on the date of the alleged accident which could have caused or precipitated the heart attack." Claimant urges that it was not necessary to prove that decedent had been engaged in or had performed unusually heavy or strenuous work on the date of the accident to be entitled to compensation; that if the heart attack was a result of an accidental injury arising out of and in the course of employment, then, as a matter of law, claimant would be entitled to compensation.

The case of Ben Hur Coal Company v. Orum, Okl., 366 P.2d 919, involved a claim for compensation by reason of a heart attack and we held:

"Disability attributable to a condition of the heart caused or precipitated by antecedent strain or exertion arising out of and in the course of hazardous employment constitutes an accidental injury within the meaning of the Workmen's Compensation Act and is compensable. 85 O.S.1951 § 1 et seq."

In Safeway Stores v. Simons, Okl., 331 P.2d 934, we cited Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; Liberty Glass Co. v. Guinn, Okl., 265 P.2d 493; Acme Material Co. v. Wheeler, Okl., 278 P.2d 234, and Brentwood Egg Co. v. Coleman, Okl., 298 P.2d 437, and said:

> "In the above cases we held that an injury received by a workman consisting of a strain constitutes an accidental injury where it occurred while the employee was doing his work in the usual and ordinary manner in the performance of such work though nothing unusual occurred or happened to cause the strain."

The case of Farmers Cooperative Association v. Madden, Okl., 356 P.2d 741, involved a heart disability and it was argued that there was no evidence of any physical activity which was unusual or unaccustomed to the claimant, and the finding by the State Industrial Court that the claimant had sustained an accidental injury was erroneous and contrary to law. In sustaining the award, we said:

> "Disability attributable to a condition of the heart is compensable if caused by antecedent strain arising out of and in the course of hazardous employment covered by the Workmen's Compensation Act. Young v. Neely [Okl., 353 P.2d 111], supra; Reints v. Diehl, Okl., 303 P.2d 641. If the injury, or heart attack, happens under circumstances of an unusual and unaccustomed effort of labor, such surrounding condition, when shown, serves to supply supporting proof as to the occurrence of a heart attack. * * *"

■ It is apparent in a heart disability case a claimant is not required to prove that the disability is the result of unusually heavy or unusually strenuous activity before being entitled to compensation. On the other hand, the fact that an employee sustains a heart disability during the course of his employment does not necessarily mean that the employee is entitled to compensation for a heart disability, like any other disability, is not compensable unless it arises out of and in the course of the employment concerned. See Ada Coca-Cola Bottling Co. v. Snead, Okl., 364 P.2d 696, 697.

■ Whether compensation was denied in the instant action because the claimant was not engaged in unusually heavy or unusually strenuous activity which caused the heart attack or because the heart disability did not result from an accidental injury arising out of and in the course of employment is uncertain. If an award were denied because the claimant was not engaged in unusually heavy or strenuous activity, the order appealed from should be vacated. Inasmuch as the order appealed from specifically states that "the death of decedent herein did not result from an accidental personal injury, arising out of and in the course of his employment, *since no unusually heavy or strenuous work was performed* * * * which could have caused or *precipitated the heart attack*", we are constrained to conclude that the order appealed from should be vacated.

In so concluding, we do not attempt to express an opinion as to the evidence, but only conclude that since the basis for denying the award is uncertain, the order appealed from should be vacated.

The order denying the award is vacated for further proceedings in the Industrial Court.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JOHNSON and JACKSON, JJ., concur.

BERRY, J., concurring specially.

WELCH, DAVISON and HALLEY, JJ., dissent.

BERRY, Justice (specially concurring).

While I am in full accord with the conclusion reached by the majority, I wish to add my own observations on some of the issues presented in the cause under review.

The fact that petitioner was the surviving spouse of the deceased employee did not of itself operate to render her incompetent as a witness in the proceeding. 12 O.S.1961 § 385, subdiv. 3; Rigdon & Bruen Oil Co. et al. v. Beerman et al., Okl., 346 P.2d 169, 171. Her testimony concerning decedent's actions on the day of his death tends to shed light upon the cause of the fatality and was clearly admissible. Decedent's statements, made to petitioner on that date, relate to his physical efforts and activities and do have a bearing upon the cause of death. They were also admissible if part of res gestae. The duty of ascertaining whether such statements came within the res gestae rested upon the trial judge. Admissibility of statements as a part of res gestae is largely controlled by the facts and circumstances of each case, and the matter should, in a great measure, be left to the determination of the trial court. Huffman v. Gaylor, Okl., 267 P.2d 564. It is not clear here whether petitioner's proffered testimony was rejected due to erroneous belief that she was not a competent witness, or because the statements sought to be introduced were deemed to lie beyond the limits of the res gestae rule. I am, therefore, convinced that the Industrial Court should be instructed to determine, on rehearing of the claim, whether or not decedent's statements were a part of res gestae, and if they be so found, to receive them in evidence.

I agree that compensability in cases of this sort does not depend on the factum of a "severe" strain or "unusual" exertion. The controlling issue under inquiry is whether competent medical evidence discloses that *death was causally related to the work done by decedent in the course of his employment.* While not an indispensable element in the chain of evidence, proof of an unusual or unaccustomed effort of labor is nonetheless highly relevant, because it serves to aid in demonstrating that the heart injury, be it disabling or fatal, did not result from some spontaneous or natural cause, but was attributable to work-connected strain or exertion. Black, Sivalls & Bryson, Inc. v. Coley, Okl., 367 P.2d 1017; Farmers Cooperative Association et al. v. Madden et al., Okl., 356 P.2d 741.