**OKLAHOMA ORDNANCE WORKS AUTHORITY and Standard Accident Insurance Company, Petitioners,**

v.

**Vera L. GARRISON, H & P Equipment Company, State Insurance Fund and State Industrial Court, Respondents.**

No. 41791.

Supreme Court of Oklahoma.

Feb. 14, 1967.

Rehearing Denied March 14, 1967.

984

H. W. Nichols, Jr., of Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Childers & Keller, Oklahoma City, Carl W. Longmire, Pryor, for respondent Vera L. Garrison.

Sam Hill, Moraul Bosonetto, Oklahoma City, for respondent H & P Equipment Co., and State Insurance Fund.

Charles Nesbitt, Atty. Gen., for respondent State Industrial Court.

IRWIN, Vice Chief Justice.

The claimant, Vera L. Garrison, as the surviving spouse of Haskell Garrison, deceased, and as guardian of four minor children, obtained an award of $13,500.00

under the death benefit provisions of the Workmen's Compensation Law. The injury alleged was incurred while the decedent was generally employed by the respondent H & P Equipment Company, referred to as H & P, and loaned to the Oklahoma Ordnance Works Authority for a special service.

At the close of the hearing before the trial judge, respondent H & P interposed a demurrer and by order it was dismissed from the cause. The award was granted to claimant against Oklahoma Ordnance Works Authority and its insurance carrier and they have perfected this appeal. Oklahoma Ordnance Works Authority and its insurance carrier will be referred to as petitioners.

■ Petitioners first contend that the trial judge erred in finding that the decedent· was, at the time of his injury and subsequent death, a loaned servant to the Oklahoma Ordnance Works Authority. In support of this contention petitioners rely on Ishmael v. Henderson, Okl., 286 P.2d 265. While there is an impressive congruity in several aspects of the factual situation in Ishmael, supra, and the instant case, the law enunciated in Ishmael is narrowed in its applicability to employers whose business it is to furnish labor man power. We distinguished the facts there involved from the usual loaned servant case where it is not the usual business of the original master to loan or hire out such servant and the business of such master is not directly furthered thereby, the borrowing master alone benefitting from the servant's labor and the original master making no profit from the borrowing of his servant. The decisive element in Ishmael was by the court pronounced to be that Ishmael, as the general employer, " * * * hired and paid decedent and others like the decedent to do the very thing decedent was doing when he suffered the injury resulting in his death * * *,". Thus Ishmael makes an exception to the strict application of the loaned servant rule.

In this proceeding, decedent had been employed by H & P as a crane operator. On or about September 23, 1964, petitioner needed a crane with a bucket attached to do certain work. It was arranged between H & P and petitioner that petitioner would borrow H & P's crane and its operator (decedent) and in turn, H & P would borrow petitioner's crane and operator. Decedent performed work for petitioner and reported to work each morning to petitioner and not to H & P. There is sufficient evidence to disclose that decedent took no orders from H & P but was under the sole direction and supervision of petitioner; H & P had no authority to direct the work decedent was performing in any detail but had surrendered such authority to petitioner; the only benefit H & P received for the work was the use of petitioner's crane and operator; and that all the services and work performed by decedent for petitioner inured to the benefit of petitioner.

Thus the facts in Ishmael, supra, are clearly distinguishable from the factual loaned servant situation here involved.

■ In our opinion, the evidence was sufficient to sustain a finding that decedent was the loaned servant of petitioner at the time of his injury on September 30, 1964, and was petitioner's responsibility under the Workmen's Compensation Law. See Smith v. Hall, Okl., 418 P.2d 665; and Wylie-Steward Machinery Co. v. Thomas, 192 Okl. 505, 137 P.2d 556.

■ Petitioner's next contention concerns the asserted error of the trial court in admitting the testimony of the claimant's medical witness· on the theory that such testimony was elicited in response to a hypothetical question assertedly not based on the facts in evidence. A careful review of the record discloses that the facts recited in the hypothetical question are sufficiently supported by the evidence and the inferences necessarily imputed thereto. Although the facts objected to by the petitioner might have been more clearly established, we believe they were sufficiently established along with other uncontradicted

material facts to bring the question within the rules enunciated in Oklahoma Gas & Electric Co. v. Oliphant, 172 Okl. 635, 45 P.2d 1077, and Hughes Construction Co. v. Phillips, Okl., 401 P.2d 498. Whether an injury arose out of the employment is a question of fact and may be proved by circumstantial evidence which does not rise to such a degree of certainty as would exclude every reasonable conclusion other than the one reached by the trial tribunal. Rigdon & Bruen Oil Co. v. Beerman, Okl., 346 P.2d 169; and Young v. Neely, Okl., 353 P.2d 111. We therefore cannot sustain this contention of petitioner.

Award sustained.

All the Justices concur.