**FARMERS CO-OP EXCHANGE OF WEATHERFORD and Farmers Elevator Mutual Insurance Company, Petitioners,**

v.

**Rosa Mae KREWALL and the State Industrial Court, Respondents.**

**No. 42879.**

Supreme Court of Oklahoma.

Feb. 11, 1969.

Ray Teague, Oklahoma City, of counsel, Cheek, Cheek & Cheek, Oklahoma City, for petitioners.

Marx Childers, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

BERRY, Vice Chief Justice.

This review involves the sufficiency and competency of evidence necessary to sustain the Industrial Court's finding of accidental injury and death arising out of and in the course of employment.

The following facts are undisputed. Adolph D. Krewall died suddenly while in

the employment of Farmers Co-Op Exchange of Weatherford. Deceased had been in their employment approximately four years. The nature of his work and duties required; Taking care of a pump station, greasing vehicles, removing and assisting in removing tractor and truck tires which required jacking up the vehicle, pumping liquid out of the tires, breaking the tire loose from the rim, drop centering the tire, and other incidental duties. Deceased was considered a reliable employee.

On May 10, 1967, at approximately 3:40 P.M. deceased, while sitting in a chair with a cup of coffee in his hand, collapsed. His coloration was "blue", fellow employees were unsuccessful in restoring his breathing after attempting mouth to mouth resuscitation; no pulse was detectable, and he was pronounced dead upon arrival at the hospital.

Immediately preceding his collapse deceased, assisted by a 240 pound fellow employee, (Weine) was removing a 210 pound tire from a tractor. The tire was approximately 5 feet in diameter. This operation in the past had utilized from one to three men, depending on circumstances. Deceased had commenced removal at 2:30 P. M. and at that time worked with R. L. Maynard the manager of the elevator who was deceased's superior. Maynard and deceased had worked continuously to remove this tire for over an hour, except when interrupted briefly to perform other duties in connection with the station. Deceased and Maynard had jacked up the tractor, removed the fluid, broken it loose from the rim and removed the tube, and were attempting to remove the tire. In this last operation two bars were used. Maynard left before the tire was removed from the rim, after which Weine assisted deceased. In this operation deceased applied pressure upon a bar which lifted the bead of the tire over the outer edge of the rim, while Weine hammered the tire from under the tractor. In this manner the tire was being forced from the rim. The tire, before removal, was four inches above the ground or surface. As the tire came loose from the rim it fell outward. Deceased took two or three backward steps and the tire fell flat on the ground. (We note one of the principle objections to respondents' evidence, i.e. as the tire came loose from the rim, did it strike deceased's chest?)

Weine and deceased lifted the tire upright and leaned it against the tractor and went into the office for a cup of coffee. After deceased sat down to drink his coffee he collapsed. Weather reports from Clinton, a distance of some 14 miles from where this incident occurred, reflect clear and windy, with temperature on that date 103 degrees maximum, and the temperature at Weatherford, which was nearer the scene, was 101 degrees. Other uncontradicted evidence shows it was 15 degrees warmer on May 10th than on the previous day, and the warmest day to that date in 1967. The tractor was sitting near an L shaped group of buildings with the buildings arranged to the north and west.

Deceased had no known heart defects prior to his demise. The death certificate reflects the cause of death "Undetermined. Due to probably acute myocardial infarct. Instant."

Petitioners, respondent and insurance carrier, stipulated this was a hazardous employment under Oklahoma Compensation Act; on May 10, 1967, deceased was an employee of respondent; and respondent carrier provided compensation coverage.

The trial judge found in favor of claimant Rosa Mae Krewall, surviving spouse of deceased, and entered an award for claimant and Wynema Fay Krewall, deceased's dependent heir, from which order respondents ask review by this Court.

The controversy at the trial and in this Court is whether deceased's death was due to an accidental injury arising out of and in the course of his employment.

The parties herein will be referred to as they appeared in the trial court.

Respondents present their assignments for review under the following proposition:

"Sufficiency and competency of evidence, both lay and medical, to support Industrial Court's finding of accidental injury and death arising out of and in the course of employment."

Respondents first urge that evidence on the part of claimant shows deceased, in conducting his activities prior to the incident, did so without "* * * undue or unusual incidents or occurrences. No extra effort was established, required or necessary and apparently none extended. Work progressed in usual and customary manner in the absence of no great or unusual amount of pressure exerted. Accidental or traumatic injury was not sustained. Decedent was not observed perspiring, sweating or becoming overheated. Neither did deceased complain to witnesses or exhibit signs or other evidence of accidental or traumatic injury, heat or sunstroke, or unusual stress, strain or exertion. * * *"

Based upon the quoted summation respondents conclude there was no evidence, at least no evidence of probative value, to show traumatic injury, heat exhaustion or sunstroke, or any undue stress, strain or exertion, showing an accidental injury arising out of and in the course of the employment. To support this conclusion respondents rely upon such decisions as Turner v. Ford, 183 Okl. 567, 83 P.2d 844; National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; Phillips Pet. Co. v. Eaves, 200 Okl. 21, 190 P.2d 462, and similar cases.

In Terminal Oil Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542, 543, essentially the same contention was made as that now urged by respondents. The cases tending to support respondents' argument were reviewed and distinguished.

In State Highway Department v. Powell, Okl., 258 P.2d 1189, we declined to apply the rule expressed in the cases now cited by respondents stating such cases "* * * have been distinguished so many times in subsequent opinions that we see no need to further discuss the distinctions except to say they are based upon the fact that there was no evidence of any strain which caused a disability." Similar language appears in Bill Morris Tank Co. v. Martin, Okl., 349 P.2d 15, and has been reiterated in numerous cases. In Bill Gover Ford Co. v. Roniger, Okl., 426 P.2d 701, syllabus 2 and 3 state:

"An internal injury of a sudden, unusual and unexpected nature may be accidental in character, although its external cause can be attributable to ordinary work performed in a normal manner and without any untoward incident connected therewith.

"An accidental injury within the meaning of the Workmen's Compensation Act need not be attributable to one particular event but may arise from the cumulative effect of a series of exertion episodes."

In Kelley v. Enid Terminal Elevators, Okl., 372 P.2d 589, at page 592, we stated:

"It is apparent in a heart disability case a claimant is not required to prove that the disability is the result of unusually heavy or unusually strenuous activity before being entitled to compensation. On the other hand, the fact that an employee sustains a heart disability during the course of his employment does not necessarily mean the employee is entitled to compensation for a heart disability, like any other disability, is not compensable unless it arises out of and in the course of the employment concerned."

We conclude the evidence sufficient to show deceased sustained a heart disability while in the course of his employment. However, compensability also is dependent upon competency and sufficiency of evidence to show that heart disability arose out of course of the employment. This feature of the case requires further consideration.

Respondents strongly urge lack of competent medical testimony to support the award. They specifically set out portions

of the hypothetical question which they contend are at variance, inconsistent, and not supported by facts shown in evidence. These portions are: "that he had gotten wet with sweat", "that the temperature on the 10th of May, 1967, was approximately 101–103 degrees, some 15 to 18 degrees higher than it had been on a previous day, and the hottest day of the entire year up to that time * * *;" and "that when the tire came loose from being dismounted it struck him on the chest with such force to cause him to stagger back two or three steps."

Examination of the record, and evidentiary matters noted indicates the hypothetical question relating to medical aspects sufficiently conformed to the evidence. One portion of the hypothetical question, stating deceased was struck on the chest, justifies discussion because of respondents' argument. The record reflects no evidence to rebut the report of the medical expert.

Relative to this feature testimony establishing the size of this tire showed its height sufficient to reach and encompass deceased's chest. Weine was hammering on the inside of the tire with a large hammer while deceased was applying pressure, by means of a tool, in an effort to slip the tire over the outer edge of the wheel. During this work only deceased's feet were visible to Weine. When the tire was disengaged from the wheel it dropped some four inches and fell outward from the tractor. At that time Weine observed deceased stagger backward two or three steps. The tire fell flat upon the ground and both men joined in tilting the tire upright and rolling it away. There was no direct evidence as to whether the tire struck deceased's chest, or whether he was able to avoid the falling tire.

■■■ The circumstantial evidence was sufficient to support the reasonable inference or conclusion that deceased was struck by the falling tire. Circumstantial evidence may be used to establish a compensation claim without evidence rising to the degree of certainty necessary to ex-clude every other reasonable conclusion. Gulf Oil Corp. v. Harris, Okl., 425 P.2d 957. And, in Oklahoma Ordinance Works Authority v. Garrison, Okl., 424 P.2d 983, it is pointed out that hypothetical questions are proper when sufficiently supported by the evidence and inferences necessarily imputed thereto. Also see C. T. Hughes Const. Co. v. Phillips, Okl., 401 P.2d 498. The circumstantial evidence, and reasonable inferences deducible therefrom, was sufficient to support the hypothetical question. Gulf Oil Corp. v. Harris, supra.

After preliminary statement in the medical report given in response to the hypothetical question, the expert opinion was:

"In the light of the above described facts, Mr. Krewall's death on May 10, 1967 was due to a cardiac arrhythmia, either asystole or ventricular fibrillation, precipitated, caused and aggravated by the unusual stress to which he was subjected in the performance of his duties immediately preceding his collapse."

■■■ Our recent decision in Flint Construction Co. v. Downum, Okl., 444 P.2d 200, states these rules in the syllabi:

"Disability or death attributable to coronary occlusion, coronary thrombosis or myocardial infarction is compensable if antecedent strain or exertion arising out of and in the course of employment is either the sole or contributing cause of the pathology.

"An accidental injury within the meaning of the Workmen's Compensation Act need not be attributed to one particular event but may arise from the cumulative effect of a series of exertion episodes.

"Whether a heart attack suffered by a workman resulted from strain and exertion arising out of and in the course of his employment or from other causes which are unrelated thereto and disconnected therefrom, presents a question of fact for the determination of the State Industrial Court, whose findings on such an issue will not be disturbed on review

when based on competent evidence reasonably tending to support it."

We conclude the Industrial Court's determination, that deceased's death resulted from injury arising out of and in the course of the employment, is sustained by sufficient competent evidence. This determination correctly interprets the law and will not be disturbed on appeal.

Award sustained.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD and LAVENDER, JJ., concur.

McINERNEY, J., concurs in result.

JACKSON and HODGES, JJ., dissent.